[S. F. No. 1864.    Department Two. — December 4, 1901.]

## BUSH & MALLETT COMPANY, Appellant, v. LOUIS HELBING et al., Respondents.

FRAUDULENT CONVEYANCE — UNRECORDED DEED OF GIFT TO WIFE — FRAUD UPON SUBSEQUENT CREDITORS OF HUSBAND. — A deed of gift by a husband to his wife, which was fraudulent in its inception, and was made and left unrecorded for the express purpose of defrauding his subsequent creditors, by obtaining future credit upon the property as his own, is void as to subsequent creditors so defrauded.

ID. — TEST OF INVALIDITY — FRAUD OF GRANTOR — INNOCENCE OF GRANTEE IMMATERIAL. — The test of the invalidity of such deed of gift is the fraudulent motive on the part of the grantor; and the innocence or want of knowledge of the fraud on the part of the grantee is immaterial. The grantee, however innocent, cannot retain the fruits of a voluntary fraudulent transfer.

ID. — EVIDENCE — ACTS AND DECLARATIONS OF GRANTOR AFTER DEED, AND BEFORE RECORD — ABSENCE OF NOTICE BY GRANTEE. — In an action by a creditor, who relied upon the possession and apparent ownership of the husband in contracting for materials to improve the property, while the deed to the wife remained unrecorded, evidence is admissible to show that after the transfer, and before the record of the deed, the husband had supervision and charge of the property as his own, and exercised acts of ownership over the same in his own name, and showed the property to the plaintiff, and told him that he owned it, and that the wife told no one about the deed until the day before it was recorded.

ID. — ABSENCE OF RECORD A BADGE OF FRAUD. — The fact that the deed was kept secret and not recorded, in such a case as this, is a very potent badge of fraud.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    John Hunt, Judge.

The facts are stated in the opinion.

Whitworth & Shurtleff, B. S. Gregory, and Walter H. Linforth, for Appellant.

Charles S. Peery, A. E. Bolton, and R. Percy Wright, for Louise Helbing, Respondent.

Fred J. White, for Louis Helbing, Respondent.

COOPER, C. — This action was brought by plaintiff, as a creditor, to set aside a deed made by defendant Louis Helbing to defendant Louise Helbing, his wife, upon the ground that said deed was fraudulent and void as to plaintiff. Judgment was entered in favor of plaintiff against defendant Louis, and against plaintiff in favor of defendant Louise. Plaintiff appeals from the judgment in favor of defendant Louise and from the order denying a new trial. The deed was made May 15, 1893. Plaintiff was not then a creditor, but became a creditor of defendant Louis in October, 1895. The deed so made to Louise was a voluntary conveyance, executed as a deed of gift. During the month of October, 1895, before the deed was recorded, and while defendant Louis was the apparent owner of the property, plaintiff sold and delivered to him mantels, tiles, and grates, of the value of $525, to be used, and which were used, in the repair and improvement of the building upon the said premises. The deed was not placed of record until December 11, 1895, and plaintiff did not know of such deed until after it had so furnished the said materials. It does not appear that defendants, or either of them, ever told any one about the deed, or that it was ever known, by any third party, to have been made until after it was recorded.

The complaint alleges that the deed was made with a fraudulent intent as to creditors and as to subsequent creditors, and that it was agreed that it should not be recorded, so that defendant Louis could obtain credit upon his apparent ownership of the property; that in pursuance of said agreement the making of the deed was kept secret, and that defendant Louis continued in the possession and use of the property, in the same manner as he had done before the deed was made. One of the main questions in the case is as to whether or not such deed is void as to subsequent creditors. The general rule is, that a deed of gift is valid, if the grantor was not indebted at the time he made it, or had ample means outside of the property conveyed with which to pay his indebtedness. This is so held for the reason that a man's property is his own, and he has the right to give it away if he so desires. If it be made while the grantor is free from debt, or while his solvency is not questioned, and he has ample means, after so deeding part of his property to meet all his obligations, it can injure no one, and it is not the business of any one except the grantor and

grantee. To this rule there is a well-known exception. This exception is, that a deed of gift, fraudulent in its inception, and made with an intent to enable the grantor to defraud future creditors, is void. A creditor has the right to believe that his debtor has dealt fairly with him, and if in view of future indebtedness, and secretly, without the knowledge of the creditor, the debtor makes a fraudulent conveyance of his property, upon which he knows his contemplated creditor relies, or has a right to rely, this is actual fraud, and renders the conveyance void.

This is the well-settled rule both in England and in this country. (Wait on Fraudulent Conveyances, secs. 96 et seq.; Bump on Fraudulent Conveyances, 4th ed., sec. 293; *Burdick Gill*, 7 Fed. Rep. 669; *Sexton* v. *Wheaton*, 8 Wheat. 229; 1 Am. Lead. Cas. 1; *Graham* v. *La Crosse etc. R. R. Co.*, 102 U. S. 153; *Lyman* v. *Cessford*, 15 Iowa, 232; *Savage* v. *Murphy*, 34 N. Y. 507;[1] 14 Am. & Eng. Ency. of Law, 2d ed., p. 250, and notes.) Therefore, while the evidence would have to be such as to show that the deed was fraudulent in its inception, and while the burden of proof would be upon the creditor alleging fraud, nevertheless the fraud, when established, would make the deed void. In this case, the court below held that the evidence was sufficient to show that a fraud was contemplated by the grantor; that the deed was made by him with a fraudulent intent on his part.

At the close of the evidence the learned judge remarked: "There is no doubt a fraud was worked upon this plaintiff by this man; it is an out-and-out fraud on his part, but the wife cannot be shown to have any connection with it." The judge then directed the jury to bring in a verdict in favor of plaintiff against defendant Louis, and a verdict against plaintiff in in favor of defendant Louise. It is evident that the court proceeded upon the theory that the deed was not fraudulent as to the defendant Louise, unless it had been shown that she intended the fraud and was a party thereto. In this view of the law the court was in error. A deed of gift made by the grantor for the purpose of defrauding his creditors is none the less fraudulent because the grantee took no part in the fraud. Such grantee is not a purchaser for value, and, being the party benefited by a gift, receiving that for which nothing has been

---

[1] 90 Am. Dec. 733.

paid, is not in a position to claim the benefit of a conveyance made for the express purpose of defrauding creditors. A man must be just before he is generous. If he makes a deed of gift to his wife, it must be with no fraudulent purpose, and openly, and under such circumstances that the law' will impute no fraud as to his conduct. If it were always necessary to show that the grantee intended the fraud, it would be difficult, and in most cases impossible, to produce evidence sufficient to set aside such conveyance. It is well settled that it is the motive of the grantor, and not the knowledge of the grantee, that determines the validity of the transfer. The grantee, however innocent, cannot retain the fruits of a voluntary fraudulent transfer. (*Swartz* v. *Hazlett*, 8 Cal. 128; *Lee* v. *Figg*, 37 Cal. 336;[1] *Peek* v. *Peek*, 77 Cal. 111;[2] Bump on Fraudulent Conveyances, sec. 239.)

The plaintiff offered to prove that after the transfer, and before the deed was recorded, the defendant Louis had supervision and charge of the property as his own; that he had the buildings thereon insured in his own name; that a loss occurred by fire, and he made the proof in his own name, in which he stated that he was the sole owner, and collected the insurance, giving the receipt in his own name; that he showed plaintiff the property, and told plaintiff that he owned it; that defendant Louise knew of the fire, that the buildings were insured in the name of her husband, and that he collected the insurance, and appropriated it to his own use, that she never told any one about the deed except one man, and that just the day before it was recorded. The court sustained defendants' objection to all such testimony, and plaintiff excepted. In this the court was in error. The evidence was offered for the purpose of showing that the vendor, after making the deed, still retained possession of the property, and his acts and declarations as to the character of his possession after the sale, while he remained in the possession thereof. Such evidence, in cases of actual fraud, is generally admissible, and particularly here, where the defendant Louis was the owner of the record title thereto, purchasing materials for improving it, and the making of the deed was kept secret, the knowledge thereof resting solely in the breast of husband and wife.

It is said in Wait on Fraudulent Conveyances (3d ed., sec.

[1] 99 Am. Dec. 271.   [2] 11 Am. St. Rep. 244.

279): "As proof of the continued possession of the vendor is competent evidence to impeach the supposed transfer, it would seem to follow that any acts or declarations of the possessor while so retaining the property must also be competent as characterizing his possession. So long as the debtor remains in possession of property which once belonged to him, and which his creditor is seeking to condemn as fraudulently conveyed, the *res gestæ* of the fraud, if any, may be considered as in progress, and his declarations, though made after he has parted with the formal paper title, may be given in evidence for the creditor against the claimant, by reason of the continuous possession which accompanied them." The rule as stated in the text is supported by numerous decisions. (*Murphy* v. *Mulgrew*, 102 Cal. 552;[1] *Jones* v. *Simpson*, 116 U. S. 611; 14 Am. & Eng. Ency. of Law, 2d ed., p. 497; Bump on Fraudulent Conveyances, 4th ed., sec. 600; *Cahoon* v. *Marshall*, 25 Cal. 202; 1 Greenleaf on Evidence, sec. 109; *Adams* v. *Davidson*, 10 N. Y. 312.)

The court below was of the opinion that defendant Louise must have been shown to have intended the fraud and to have been connected with it. If this were true as a proposition of law, her intention might be inferred from her conduct and all the circumstances of the case. It is well said by Wait in his work on Fraudulent Conveyances (sec. 281): "In litigations of the class under consideration, great latitude should undoubtedly be allowed in regard to the admission of circumstantial evidence for the purpose of proving participation in manifest fraud. Objections to testimony as irrelevant are not favored in such cases, since the force of circumstances depends so much upon their number and connection. The evidence should be permitted to take a wide range, as in most cases fraud is predicated on circumstances, and not upon direct proof." And this is the well-established rule. (Bump on Fraudulent Conveyances, sec. 590; 14 Am. & Eng. Ency. of Law, 2d ed., p. 498, and cases cited.)

In this case, the deed was made without consideration; the grantor continued to deal with the property as before; the deed was kept secret, and not placed of record; when the wife was called upon to testify, the husband objected; the materials went into her property with her knowledge, and with no state-

---

[1] 41 Am. St. Rep. 200.

ment to plaintiff as to her title. All these matters might be true, and yet the deed might have been made with no intent to defraud. But the circumstances certainly are such as to call for a full, fair, and complete explanation. The burden was shifted upon the defendant to show that the transaction was honest and with no fraudulent purpose.

The fact that a deed is kept secret and not recorded is a very potent badge of fraud. In *Francis* v. *Lawrence*, 48 N. J. Eq. 511, the wife retained a deed, and the husband obtained credit by representing that he was the owner of the house and lot conveyed. In speaking of the transaction the court said: "At the time of these representations, except the first, his wife was in possession of a conveyance of the property from him to his brother-in-law, for the purpose of vesting the title in her name. The deed was not delivered to the grantee, and not placed upon the record, but was held by the wife, and the husband was thus enabled to trade upon the false credit which he acquired by being the apparent owner of the property, while the deed was ready to be put upon the record at a moment's notice. . . . This transaction cannot be regarded in any other light than as a fraud upon the creditors."

Mr. Justice Bronson said, in *Van Wyck* v. *Seward*, 18 Wend. 398: "I have never been able to discover the principle upon which a title acquired by mere gift should, under any circumstances whatever, be deemed superior to the claim of the creditor to be paid his debt."

While the language of the learned judge in the above case lays down the rule too broadly according to the current of authorities, yet there is much reason in it. Surely, it is not saying too much to say that a wife should not knowingly, by accepting a fraudulent conveyance without consideration, and keeping it secret, be allowed to aid and assist her husband in procuring credit upon holding himself out to the world as being the owner of the property described in the deed. Respondent earnestly contends that a different rule is laid down in *Emmons* v. *Barton*, 109 Cal. 663. It was there said that declarations of the husband, after conveyance to the wife, are not admissible, even where the husband remained in possession. But the record shows that the conveyance in that case was recorded the same day it was made. There was nothing secret about it, and the remarks in the opinion were made with reference to the facts of the case under discussion. This is evi-

dent from reading the opinion, and the writer, in support of the statement, refers to Bigelow on Fraud. It is said by Bigelow (vol. 2, p. 365): "The case would be different, however, if the creditors were induced to give credit on the faith of the ownership of the possessor, where the real owner has neglected to put his deed on record. It is enough to bar the claim of the owner that his neglect or (to avoid any possible misunderstanding) his omission has contributed to the deception of the creditors."

It follows that that portion of the judgment in favor of defendant Louise Helbing should be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion that portion of the judgment in favor of defendant Louise Helbing is reversed.                Henshaw, J., McFarland, J., Temple, J.

Hearing in Bank denied.