[Civ. No. 381.  First Appellate District.—February 3, 1908.]

# E. F. JOY, Appellant, v. LOUIS HELBING and LOUISE HELBING (His Wife), Respondents.

DEED OF GIFT BY HUSBAND TO WIFE—QUESTION OF INTENT TO DEFRAUD CREDITORS—FACTS AND CIRCUMSTANCES.—In an action by the assignee of a subsequent creditor to avoid a deed of gift by a husband to his wife, executed at a time when he was solvent, but which remained unrecorded when the subsequent debt was incurred by the husband on the faith of his apparent ownership and control of the property, there being, however, no evidence to connect the wife with knowledge of the acts or intent of the husband toward such creditor, the question as to the intent of the husband toward creditors, existing or future, when the deed was executed is one for the trial court to determine in view of all the facts and circumstances of the case.

ID.—EFFECT OF UNRECORDED DEED—SUSPICIOUS CIRCUMSTANCE.—The fact that the deed was left unrecorded until the debt was incurred, and for more than two years after its execution, is a circumstance tending to cast suspicion on the good faith of the transaction; though it is not sufficient of itself to show that the deed was made with fraudulent intent.

ID.—BURDEN UPON PLAINTIFF—DUTY OF COURT AS TO FINDING.—The burden was upon the plaintiff to show that the deed was executed with the intent of the husband to defraud his creditors; and the court, in the absence of testimony showing such fraudulent intent when the deed was made, was in duty bound to find that the deed was executed with no such intent.

ID.—EXCLUSION OF OFFERED TESTIMONY—CONCEALMENT OF GOODS PURCHASED UNDER WIFE'S HOUSE—SWORN CLAIM TO SHERIFF—HARMLESS RULING.—The exclusion by the court of testimony offered by the plaintiff to show the concealment of goods purchased ·by the husband from the subsequent creditor under the house deeded by the husband to the wife, and of her sworn claim to ownership thereof to the sheriff, who sold the same under execution, having reference to events concerning personal property occurring more than four years after the deed was made, and which could have no connection with its execution, even if held erroneous, as ·affording a remote inference of fraud at the time when the deed was made (which is questionable), is not of sufficient importance to justify a reversal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

P. F. Dunne, Walter H. Linforth, and Jackson Hatch, for Appellant.

J. S. Reid, for Respondents.

KERRIGAN, J.—This action was commenced by the plaintiff as assignee of W. W. Montague & Co. to set aside a conveyance made by defendant Louis Helbing to his wife Louise. Judgment went for the defendants, and from the judgment and an order denying his motion for a new trial the plaintiff prosecutes this appeal.

May 15, 1893, Louis Helbing conveyed to his wife Louise, by two deeds of gift, certain real property in the city and county of San Francisco. One deed conveyed the property in question on B street, the other embraced property on Waller and McAllister streets improved with twenty-four flats. Both deeds were recorded December 11, 1895. At the time of making these deeds the grantor had other property worth about $1,200. He was at that time engaged in no business and remained idle for about one year and a half, when he embarked in the plumbing business. Between September and December, 1895, and prior to the recordation of the deeds, Helbing, upon the representation that he was the owner of the property described in the deeds, obtained credit from W. W. Montague & Co. for plumbing goods to the value of approximately $1,000. After the execution of the deeds above mentioned he exercised acts of ownership over the property conveyed by them. He insured the Waller street property in his own name, and on the occasion of a fire which partially destroyed that property, he swore to a proof of loss, reciting therein that he was the owner of the property, and he receipted for the amount of the loss paid by the insurance company to the Humboldt Savings and Loan Society in accordance with the terms of a mortgage held by it on the property. In explanation of this he said that when the fire occurred he learned that the insurance company had made an error in issuing the policy in his name, and, to use his language, "I had to keep quiet and not say anything, and I had to swear to it so as to get the

insurance and rebuild the house again.'' In the month of November, 1895, Helbing tried to sell the B street property to raise money for his own use. According to the wife's testimony, before the conveyances were made to her she requested her husband to pay all his debts, and helped him with money to do so, whereupon, at her instance, and upon a claim by her that she owned the property or had some interest therein, the deeds were made and delivered to her. Her testimony further shows that she failed to record the deeds because she did not ''know that they had to be recorded until shortly before they were placed on record.'' She was not shown to have had any knowledge that her husband represented this property as his own, or of the fact that he exercised acts of ownership over it.

On the issues framed by the pleadings the court found in part that the B street property was not conveyed to hinder, delay or defraud Helbing's creditors; that said deed was not made while Helbing was insolvent or in contemplation of insolvency; that it was made without consideration except love and affection; that by reason of the apparent ownership of Louis Helbing arising from the nonrecordation of the conveyance, and not by reason of anything else done or omitted by Mrs. Helbing, her husband was enabled to obtain from W. W. Montague & Co. credit to the amount aforesaid.

Appellant's counsel lay considerable stress on the case of *Bush & Mallett Co.* v. *Helbing,* 134 Cal. 676, [66 Pac. 967], and seem to think that the law as there set forth requires us to reverse this case. In this we think they are mistaken, but as the case states some principles of law applicable in a general way to this case, it may not be amiss to refer briefly to what was there said. The two cases are against the same defendants, and in both cases the facts are the same except that in the Bush & Mallett case the goods were purchased and used in repairing and improving either the McAllister or Waller street property. In that case it was said: ''The general rule is that a deed of gift is valid if the grantor was not indebted at the time he made it, or had ample means outside of the property conveyed with which to pay his indebtedness. . . . To this rule there is a well-known exception. The exception is that a deed of gift, fraudulent in its inception, and made with the intent to enable the grantor to defraud

future creditors, is void.'' After stating the general rule and the exception thereto reference was made to what the trial judge remarked in that case at the close of the evidence. The trial judge said: ''There is no doubt a fraud was worked upon this plaintiff by this man (Helbing), but the wife cannot be shown to have had any connection with it.'' Mr. Justice Cooper, then a supreme court commissioner, speaking for the court, said: ''It is evident that the court proceeded upon the theory that the deed was not fraudulent as to the defendant Louise, unless it had been shown that she intended the fraud and was a party thereto. In this view of the law the court was in error. A deed of gift made by the grantor for the purpose of defrauding his creditors is none the less fraudulent because the grantee took no part in the fraud. Such grantee is not a purchaser for value, and, being the party benefited by a gift, receiving that for which nothing has been paid, is not in a position to claim the benefit of a conveyance made for the express purpose of defrauding creditors. . . . If a man makes a deed of gift to his wife, it must be with no fraudulent purpose, and openly, and under such circumstances that the law will impute no fraud as to his conduct. . . . It is well settled that it is the motive of the grantor, and not the knowledge of the grantee, that determines the validity of the transfer. The grantee, however innocent, cannot retain the fruits of a voluntary fraudulent transfer.''

In the present case the trial court did not overlook this principle of law as did the trial judge in that case. There also the plaintiff offered to prove that after the transfer and before the deed was recorded Louis Helbing had supervision and charge of the property as his own. The trial court sustained objections to all such testimony and this was held error. In the present case this kind of testimony was admitted.

The intent of Helbing in making the deed to his wife was for the trial court to determine from all the facts and circumstances in the case. The deed was made at a time when Helbing was solvent, and more than two years before the indebtedness to W. W. Montague & Co. was incurred. There is no direct evidence even tending to show that it was made with intent to defraud any creditor who was such at the time

of the execution of the deed. Helbing had the right to execute a deed of gift to his wife, provided by so doing he did not intend to defraud any present or future, creditor. The burden was upon the plaintiff to show that the deed was made with the intent to defraud creditors of Helbing. While fraud is sometimes difficult to prove, and while courts grasp at all the facts and circumstances in order to arrive at the ultimate fact as to whether or not fraud was intended, yet it must be proved. The fact that the deed was not recorded until more than two years after it was made is a circumstance tending to cast suspicion on the good faith of the transaction, yet it is not sufficient of itself to show that the deed was made with fraudulent intent. The court, in the absence of testimony clearly showing the fraudulent intent, was in duty bound to find that the deed was executed with no such intent. There is no evidence in the remotest degree, with the exception that the deed was not recorded until long after it was executed, tending in any way to show any fraudulent intent or purpose on the part of Louise Helbing, the wife of Louis Helbing; and while fraud on the part of the grantee was not necessary, yet the absence of any intent on her part, or any circumstance tending to show that she knew of any intended fraud, may be considered in connection with the other facts and circumstances in the case. The court was justified, from the evidence in this case, in finding that Helbing did not intend, by the deed to his wife, to defraud his creditors.

The appellant contends that the court committed error in sustaining an objection to a question asked of the witness Jefferies, a witness called for the defendant during the trial. The witness testified that he remembered attending a sheriff's sale in the month of August, 1907, and seeing the sheriff present at the time of sale. He was then asked the following question: "And did you make any memorandum at that time of the articles that were sold by the sheriff?" This question was objected to, and the attorney for the defendant stated that the question was asked for the purpose of showing, and leading up to questions that would show, that a portion of the identical goods purchased from W. W. Montague & Co. were found by the sheriff concealed under the floor of the cellar of the house described in one of the deeds executed by Helbing to his wife, and that in March,

1897, Mrs. Helbing claimed under oath to be the owner of these goods. The court sustained the objection to the question, and excluded the testimony. It was claimed in the discussion of the question that it was sufficient to offer to prove the facts stated by counsel so as to obtain a ruling in connection with the matter. The court expressly stated to counsel that it did not approve of that mode of procedure, but that counsel might discuss the offer to prove in explanation of any question that he desired to ask. Counsel then offered to prove the facts as herein stated, and the court sustained an objection to such offer, to which the plaintiff excepted. The offer of proof was as to matters and things that occurred nearly four years after the deed had been made and executed, and was in regard to personal property that had no connection in any way with the execution of the deed. It is very questionable whether the proof was capable of affording any reasonable presumption or inference of fraud at the time the deeds were made. The ruling, even if erroneous, is not of sufficient importance to justify a reversal of the case.

The judgment and order are affirmed.

Cooper, P. J., and Hall, J., concurred.