[Civ. No. 451. First Appellate District.—July 27, 1908.]

GEORGE R. LYNCH, Appellant, v. WILLIAM SWEETLAND and EMMA SWEETLAND, Respondents.

ACTION BY SUBSEQUENT CREDITOR OF HUSBAND TO SET ASIDE TRANSFER TO WIFE—GOOD FAITH—ABSENCE OF FRAUDULENT INTENT—SUBSEQUENT SUSPICIOUS CIRCUMSTANCES INSUFFICIENT.—In an action by a subsequent creditor of the husband upon a note upon which he had become surety for another person to set aside a transfer made three years previously by the husband to his wife when he was not indebted nor contemplating indebtedness, and when the circumstances then existing tended strongly to establish the good faith of the transaction, and it appears that the wife advanced out of her separate funds more than three-fourths of the purchase price of the land, the mere suspicious circumstances arising from long delay in the record of the deed, the assessment of the property in the husband's name for several years, and that insurance on the improvements remained in his name, are not sufficient to show that when the deed was executed, it was made with intent to defraud any existing or future creditors of the husband; and a judgment for the defendants cannot be disturbed.

ID.—QUESTION OF FACT FOR TRIAL COURT—DUTY OF COURT.—The case presented a question of fact for the trial court, and it appears to have been the duty of the court, under all the circumstances of the case, to find as it did for the defendants.

APPEAL from a judgment of the Superior Court of Santa Clara County. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

James H. Campbell, and Argyll Campbell, for Appellant.

E. D. Crawford, and B. A. Herrington, for Respondents.

KERRIGAN, J.—This is an action to set aside a convey-
ance made by defendant, William Sweetland, to his wife,
Emma, on the ground that it was made with intent to de-
fraud the plaintiff and other existing and subsequent cred-
itors. Judgment went for the defendants, from which judg-
ment this appeal is taken.

On February 14, 1895, a deed to the property described
in the complaint was made to William Sweetland, the pur-
chase price therefor being $1,500, $400 of which was paid by
William Sweetland, $500 by his wife out of her separate
funds, and the balance, $617, was secured by a mortgage.
On December 30, 1897, William Sweetland made and exe-
cuted a deed of gift to the property to his wife. At that
time she was in the state of Kansas, attending her father in
his last illness. A few days later William Sweetland deliv-
ered the deed to his daughter Edith, with instructions to de-
liver it to her mother upon her mother's return from Kansas.
The following month, January, 1898, Emma Sweetland re-
turned, and, in accordance with said instructions, Edith de-
livered the deed to her in her father's presence. Subse-
quently, and with money inherited from her father's estate,
Emma Sweetland paid off the mortgage of $617. The deed
in question remained in her possession from the time of its
delivery until it was recorded in the month of March, 1901.

William Sweetland testified as follows: "I am nearly 75
years of age, and am the husband of the other defendant.
I made the deed in question on December 30, 1897, because
my wife had put in more than I at the purchase of the land,
and my health was poor." The note referred to in the com-
plaint was given upon the fifteenth day of December, 1900,
and defendant, William Sweetland, was a comaker thereof
with H. H. Farnham, and was so merely as an accommoda-
tion to the said Farnham. From the issues framed by the
pleadings, and upon the evidence introduced, the court found
in part that the deed was executed and delivered in consid-
eration of love and affection and of large sums of money,
and that it was not made with intent to defraud plaintiff
or any other person.

There are circumstances in the case which are sometimes
indicative of fraud, such as the long delay in the recording
of the deed, the assessment of the property for several years

after the date of the conveyance in the name of William Sweetland, and the permitting of the insurance on the improvements to stand in his name. But all other circumstances in the case tend strongly to establish the good faith of the transaction. The deed was made by a man over seventy years of age and in poor health to his wife, who had advanced out of her separate funds more than three-fourths of the purchase price. There is no evidence that at the time of the execution of the deed the grantor had any creditors, or contemplated incurring indebtedness; and as far as this plaintiff is concerned, his note was not executed until some three years after the deed was made. This case presented a question of fact for the trial court, and we think it was the duty of the court under all the circumstances of the case to find, as it did, for the defendants.

In some of its features this case is like the case of *Joy* v. *Helbing,* 7 Cal. App. 519, [94 Pac. 863]. The facts there, however, made a stronger case against the conveyance than do the facts in this case, and yet the judgment of the trial court, sustaining the validity of the deed, was affirmed by this court. There Helbing made two gift deeds to his wife of property in San Francisco. At that time and for more than a year thereafter he was out of business. The deeds were not recorded for more than two years after they were made; and in the meantime Helbing, on the representation that he was the owner of the property described in the deeds, bought goods on credit. After the execution of the deeds and before their recordation he exercised acts of ownership over the property; he insured part of it in his own name, and on the occasion of a fire which destroyed it he swore to a proof of loss wherein he stated that he was the owner of the property, and he obtained and receipted for the insurance money in his own name. He tried to sell one of the parcels to raise money for his own use. In that case the court said: "The intent of Helbing in making the deed to his wife was for the trial court to determine from all the facts and circumstances in the case. The deed was made at a time when Helbing was solvent, and more than two years before the indebtedness to W. W. Montague & Co. was incurred. There is no direct evidence even tending to show that it was made with intent to defraud any creditor who was such at the time of the execution of the deed. Hel-

bing had the right to execute a deed of gift to his wife, provided by so doing he did not intend to defraud any present or future creditor.   The burden was upon the plaintiff to show that the deed was made with the intent to defraud creditors of Helbing.   While fraud is sometimes difficult to prove, and while courts grasp at all the facts and circumstances in order to arrive at the ultimate fact as to whether or not fraud was intended, yet it must be proved.   The fact that the deed was not recorded for more than two years after it was made is a circumstance tending to cast suspicion on the good faith of the transaction; yet it is not sufficient of itself to show that the deed was made with fraudulent intent.   The court, in the absence of testimony clearly showing the fraudulent intent, was in duty bound to find that the deed was executed with no such intent.   There is no evidence in the remotest degree, with the exception that the deed was not recorded until long after it was executed, tending in any way to show any fraudulent intent or purpose on the part of Louise Helbing, the wife of Louis Helbing.''

The judgment is affirmed.

Hall, J., and Cooper, P. J., concurred.