[Civ. No. 2823.   Fourth Dist.   Oct. 23, 1941.]

EMMA R. KRAUSS, Respondent, v. EDWARD STROP et al., Appellants.

Liggett & Liggett and Stickney & Stickney for Appellants.

W. E. Starke for Respondent.

WEST, J. *pro tem.*—This action was brought by plaintiff and respondent to quiet her title to several parcels of real estate, only one of which is involved in this appeal. Said parcel, located in University Heights in the city of San Diego, was a portion of the estate of Sophie Marie Louise Krauss, who died testate leaving her surviving her husband, Louis Lee Krauss, one of the defendants. Said defendant was appointed executor of the will of his deceased wife and was also under its terms provided with an allowance of $200 per month. Thereafter, respondent and Krauss were married. After the marriage and during the administration of the estate Krauss, as executor, gave notice of sale of the parcel of real property here under consideration. Respondent purchased said property for $2,700 and at the time she tendered her bid made the initial or down payment of $270. Thereafter the sale of said property was confirmed to her. The balance of the purchase price was paid by Krauss by means of giving to the estate a credit of $2,430 against amounts due and owing to him on account of the $200 per month allowance provided for him in the will and hereinbefore referred to. No objection was made to the sale or confirmation thereof by appellants or any other persons. Defendant and appellant Arganbright was the assignee of a claim which existed in the hands of his assignor against Krauss at the time of the sale. Subsequently, and after the assignment of said claim to him, Arganbright reduced the same to judgment, recorded an abstract thereof, and thereafter levied upon the real property by virtue of an execution issued on the judgment. The interest of Krauss therein was sold and Arganbright is the holder of a certificate of execution sale of said property. Appellant Strop, after the sale of said property to respondent, took an assignment of

a judgment against Krauss, which judgment was based on a claim antedating the conveyance of the property from the estate to respondent. This judgment was recorded in the office of the Recorder of San Diego County. At all times since the entry of either of said judgments Krauss was insolvent.

All of the foregoing facts were found by the trial court to be true and in addition it was found that Krauss claimed to be indebted to respondent at the time of the probate sale in a sum in excess of $2,430, and that he reduced his indebtedness to her by the sum of $2,430, in consideration of the transfer. It was not, however, found by the court whether or not such claims were true. The question of consideration was important especially in its bearing on the issue of fraud. The trial court should have found on this question.

Appellants answered the complaint and Arganbright filed a cross-complaint. Both appellants affirmatively alleged fraud in the conveyance from Krauss as executor to respondent, and both contended that their liens were superior to the claims of respondent. Appellant Strop, in his answer, further alleged that any interest of respondent in the property was as trustee for Krauss and for Strop as judgment lienor of Krauss' interest therein. Krauss defaulted, judgment went for plaintiff, and this appeal followed, and is presented on the judgment roll alone.

The court concluded from the facts found as follows:

"That the allegations of defendants herein in their answers and the allegations of the defendant Arganbright in his cross-complaint, to the effect that the aforesaid conveyance from the estate of Sophie Marie Louise Krauss to the plaintiff, in consideration of the cancellation of an indebtedness of the said estate to the plaintiff's husband, Louis Lee Krauss, was fraudulent and void as to said defendants, are immaterial allegations and do not constitute proper issues in this action for the reason that neither of the said defendants are legally entitled to attack the transfer or conveyance of said real property from the said estate to plaintiff herein."

There is no other finding on the issue of fraud.

The principal and only necessary question to be determined here is whether the existence of fraud on the part of Krauss in connection with the probate sale and the conveyance to

respondent pursuant thereto was a proper issue upon which the court should have made a finding.

The issue of fraud was raised by the pleadings of appellants. In effect it is contended that the purpose of the conveyance was to put beyond the reach of creditors Krauss' credit with the estate or its property equivalent by means of a dummy probate sale financed almost entirely by him and from his separate funds.

In order for appellants to prevail, the evidence would have to be such as to clearly show that the deed was actually fraudulent as to such creditors (present or future). While the burden of proof would be on the creditors alleging fraud, nevertheless, if established and found, their right to complain and to enforce their claims is made out. (*Bush & Mallett Co.* v. *Helbing,* 134 Cal. 676 [66 Pac. 967]; *Franck* v. *Moran,* 36 Cal. App. 32 [171 Pac. 841].)

The respondent urges that appellants could not have attached the property or subjected it to their claims while it was in the possession of the executor and therefore the sale to respondent, even conceding it to have been fraudulent, produced no injury or damages. She cites a number of cases to the effect that where fraud has been committed and no injury has been sustained by the party complaining, no action can be maintained thereon. There can be no doubt that this is true. (*Gaffney* v. *Graf,* 73 Cal. App. 622 [238 Pac. 1054]; *Billings* v. *Farm Development Co.,* 74 Cal. App. 254 [240 Pac. 298]; *Gerini* v. *Pacific Employers Insurance Co.,* 27 Cal. App. (2d) 52 [80 Pac. (2d) 499].) But the situation presented by the issues raised in the instant case is not answered by the principle just enunciated. The damage contended for here is in transforming a credit of the value of $2,430, which in the hands of Krauss would have been subject to the claims of creditors, into an interest in real estate ostensibly the property of another who paid no substantial consideration therefor. If such was the true fact the contention that any fraud perpetrated was without damage is not tenable. It follows that since the allegations of actual fraud presented, if proved, constitute a defense to the cause of action set forth in respondent's complaint, they raise material issues upon which the court should have made findings and a failure to do so was error which will require a reversal of the judgment.

In *Spect* v. *Spect,* 88 Cal. 437, 439 [26 Pac. 203, 22 Am. St. Rep. 314, 13 L. R. A. 137] the Supreme Court said:

''Inasmuch as the court gives as its reason for not making findings upon these issues that such findings were immaterial, we must assume that evidence was introduced at the trial sufficient to support the allegations, and therefore the rule announced in *Himmelman* v. *Henry,* 84 Cal. 104 [23 Pac. 1098], has no application. If the facts alleged by the defendant constitute a defense to the cause of action set forth in the complaint, they presented material issues upon which the court should have made findings, and a failure to do so was error which will require a reversal of the judgment.'' (See also *Reese* v. *Bald Mountain Consolidated Gold Mining Co.,* 133 Cal. 285 [65 Pac. 578].)

It is argued, in effect, that this is a collateral attack on the probate order confirming the sale of the property to respondent. There is no merit in this argument as the attempt is made here to have it declared that respondent holds the property in trust for the creditors of her husband, which is not a collateral attack on the probate order. (*Campbell-Kawannanakoa* v. *Campbell,* 152 Cal. 201 [92 Pac. 184]; *Caldwell* v. *Taylor,* 218 Cal. 471 [23 Pac. (2d) 758, 88 A. L. R. 1194].)

Judgment reversed.

Barnard, P. J., and Marks, J., concurred.