[Civ. No. 61022. Second Dist., Div. Five. Sept. 29, 1981.]

LEONA M. POWELL, Plaintiff and Respondent, v.
JANIS MARIE MAYO, as Administratrix With the Will Annexed,
etc., Defendant and Appellant.

**COUNSEL**

Bonelli, Wood & Heib, Bonelli, Heib, Fuchs & O'Neal and Stanley Sapiro for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**OPINION**

ASHBY, J.—Defendant Mayo, as administratrix of the estate of Denise Doris Harris, deceased, appeals from a judgment in favor of plaintiff Leona M. Powell for $8,154.64 as a good faith improver of property owned by the estate. (Code Civ. Proc., § 871.1 et seq.)

Representing himself to be the owner of the property at 1241-1243 Leighton Avenue in Los Angeles, defendant William Sherman Harris purported to sell the property to plaintiff on November 4, 1975. The price was $5,000, which, in plaintiff's opinion, as an experienced real estate broker, was the fair market value of the property in its then deteriorated condition.

Believing herself to be the owner of the property, plaintiff expended about $11,000 on improvements to the property. Plaintiff procured a buyer for the property at a price of $22,500.

Plaintiff then discovered that William Sherman Harris had owned only a one-fourth interest in the property as a tenant in common. The other three-fourths interest was held by the estate of Denise Doris Harris, his deceased wife.

Plaintiff discussed the problem with the attorney for the estate, who concluded that the sale of the property to plaintiff's buyer would be advantageous. The property was sold with the approval of the probate court, with one-fourth of the net proceeds going to plaintiff and three-fourths to the estate. Plaintiff also received three-fourths of a 5 percent broker's commission on the sale.

Plaintiff subsequently brought this action against the estate under the good faith improver statute (Code Civ. Proc., § 871.1 et seq.) for reimbursement of her expenses in improving the property. The trial court found that plaintiff was a good faith improver, and that upon adjusting all the rights, equities, and interests of the parties, plaintiff was entitled to $8,154.64 (which represents three-fourths of the improvements made by plaintiff).[1]

Defendant contends that the trial court failed to make findings on material issues and that the evidence is insufficient to support the judgment.

The statute authorizes a good faith improver to bring an action for relief in the superior court. (Code Civ. Proc., § 871.3.)[2] A good faith

---

[1] The judgment also awarded plaintiff certain relief against William Sherman Harris for fraud. He is not a party to this appeal and there is no issue before us as to that portion of the judgment.

[2] Unless otherwise indicated, all section references hereafter are to the Code of Civil Procedure.

improver is "[a] person who makes an improvement to land in good faith and under the erroneous belief, because of a mistake of law or fact, that he is the owner of the land." (§ 871.1, subd. (a).) The court is to "effect such an adjustment of the rights, equities, and interests of the good faith improver, the owner of the land, and other interested parties ... as is consistent with substantial justice to the parties under the circumstances of the particular case. The relief granted shall protect the owner of the land upon which the improvement was constructed against any pecuniary loss but shall avoid, insofar as possible, enriching him unjustly at the expense of the good faith improver." (§ 871.5.)

■ Defendant's main contention is that plaintiff is precluded from being a good faith improver because the mistake as to ownership should be attributed to plaintiff's own negligence. Section 871.3 provides that "[i]n every case, the burden is on the good faith improver to establish that he is entitled to relief under this chapter, and the degree of negligence of the good faith improver should be taken into account by the court in determining whether the improver acted in good faith and in determining the relief, if any, that is consistent with substantial justice to the parties under the circumstances of the particular case." Defendant contends that the trial court failed to find on the issue of negligence and that this alone requires reversal of the judgment. Defendant further argues that the evidence shows as a matter of law that plaintiff was negligent and that therefore judgment should be entered for defendant. Neither contention is meritorious.

Defendant relies upon *Raab v. Casper* (1975) 51 Cal.App.3d 866, 871-875 [124 Cal.Rptr. 590]. In that case the Caspers had built a cabin on the land of their neighbors, the Raabs. A major portion of the construction was done after the Raabs had warned the Caspers they were trespassing, which warning was disregarded. The trial court had found that the Caspers were good faith improvers in that they "'did not act maliciously, intentionally, or willfully ....'" The appellate court reversed because the trial court had failed to make a finding as to negligence. The court noted that the statute introduced a new element into traditional concepts of "good faith" and that the trial court's failure to mention negligence raised a suspicion that the court had overlooked this important element of the statute. In light of the evidence of the Caspers' continuing the construction after a warning from the true owner, the court held the failure to find on negligence was reversible error.

Unlike *Raab* v. *Casper*, the record in the instant case affords no room for the argument that the trial court was unaware of the negligence element. From the very beginning of trial, defendant made clear that its major point was that plaintiff acted negligently. Defendant repeatedly cited section 871.3 to the court, and in final argument, before the court rendered its decision, defendant cited *Raab* v. *Casper* itself.

Negligence on the part of the improver does not necessarily preclude all relief. The degree of negligence is a *factor* which should be taken into account in determining whether the improver acted in good faith and in determining the relief that is consistent with substantial justice. (§ 871.3; 8 Cal. Law Revision Com. Rep. (1967) 807, 850-852 & fn. 114.)

Here, the issue having been clearly placed before it, the trial court found that plaintiff was "a good faith improver [as defined in] California Code of Civil Procedure Section 871.1." In its conclusions of law the court also stated that plaintiff "carried her burden of proof, as set forth in California Code of Civil Procedure Section 871.3," that the court "adjusted all of the rights, equities and interests of the parties, pursuant to Code of Civil Procedure, Section 871.5," and that the court based its decision on sections 871.1 through 871.7. Under Code of Civil Procedure section 634 we cannot presume that the court found plaintiff was not negligent. However, the lack of a specific finding on negligence does not require reversal because even if plaintiff was negligent, the court was entitled to grant her relief under the circumstances.

Plaintiff was an experienced real estate broker. William Sherman Harris represented to her that he was the owner of the property as the surviving joint tenant after the death of his wife. He showed plaintiff a legal document "Affidavit-Death of Joint Tenant" which recited that the property had been deeded to him and his wife as joint tenants, and the fact of her death. To plaintiff this meant that the property was his.

The true state of the title was that William Sherman Harris had never been a joint tenant but only a tenant in common. In 1961 the property had been deeded to Marie Williams, an undivided one-half interest, and to William Sherman Harris and Denise Doris Harris, husband and wife, an undivided one-half interest. Marie Williams was the mother of Denise Doris Harris, and upon Marie Williams' death her undivided one-half interest passed to Denise Doris Harris under her will. William Sherman Harris had only an undivided one-fourth inter-

est, not a joint tenancy, and thus on the death of his wife, Denise Doris Harris, he did not become the owner of the entire property. The remaining three-fourths interest passed into the estate of Denise Doris Harris.

Plaintiff and William Sherman Harris did not use an escrow. Plaintiff ordered a title report but claimed she did not see it until after the William Sherman Harris grant deed to her. She also claimed that she did not see the second page of the report, which contained reference to the 1961 grant deed of "an undivided one-half interest."

Defendant contends plaintiff was negligent in either (1) closing the deal before obtaining the title report or (2) failing to examine the title report which would have put plaintiff on notice, as an experienced real estate broker who knows the difference between joint tenancy and tenancy in common, that there was reason to doubt the representations of William Sherman Harris. This is not determinative, however, because even if plaintiff was negligent, this was only a factor in determining the relief consistent with substantial justice to the parties. Viewed in the light most favorable to the judgment, the record shows that plaintiff took a $5,000 property in bad condition in a deteriorating neighborhood, and by making almost $11,000 worth of improvements, found a buyer for the property at $22,500. The attorney for the estate testified that he felt the sale of the property on those terms was advantageous to the estate and that is why he cooperated with plaintiff in securing the approval of the probate court. Under this view of the evidence, the estate is better off, even after paying this judgment, than it would have been had plaintiff not made the improvements. Thus, notwithstanding the claim that plaintiff did not adequately investigate the title before making the improvements, the award in this case was a proper adjustment of the rights and equities of the parties under section 871.5.

■ Defendant next contends that plaintiff should be precluded from obtaining any relief in this proceeding because, when the sale of the property was approved by the probate court (see Prob. Code, § 785), plaintiff, who had an interest in that sale, did not make a claim to the probate court for relief as a good faith improver. It is defendant's contention that plaintiff could have litigated this matter in the probate proceeding, and therefore should be estopped to litigate it in the instant proceeding. This contention is without merit. An action by a stranger to the estate for relief as a good faith improver of estate property would be outside the narrow scope of a hearing to confirm the sale of that prop-

erty under Probate Code section 785. (See *Estate of Vezina* (1953) 116 Cal.App.2d 438, 441 [254 P.2d 103]; *Krauss* v. *Strop* (1941) 47 Cal. App.2d 452, 456 [118 P.2d 332].)

■ Finally, defendant contends that the findings are inadequate on the issue of damages. Defendant contends the court should have specified in greater detail how it arrived at damages of $8,154.64. We find no prejudicial error in this regard. This is not a case where different categories of special and general damages were alleged (*James* v. *Haley* (1931) 212 Cal. 142, 146-147 [297 P. 920], cited by defendant) or where the proof of damages was contrary to the allegations (*Aspe* v. *Pirrelli* (1928) 204 Cal. 9, 13 [266 P. 276], cited by defendant). It is obvious that, consistent with the theory of the case, the court awarded plaintiff three-fourths of the expenditures she had made on the property. The findings are sufficient to permit judicial review (see *Wiley* v. *Wright* (1938) 26 Cal.App.2d 303, 308 [79 P.2d 196]), and although we observe a relatively small discrepancy in the figures, it is favorable to defendant.[3]

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied October 26, 1981, and appellant's petition for a hearing by the Supreme Court was denied November 25, 1981. Kaus, J., did not participate therein.

---

[3]Plaintiff introduced into evidence her receipts for expenditures on the property, plaintiff's exhibits 5-a through 5-o. These totaled $11,672.09, three-fourths of which would be $8,754.07. The trial court's award of $8,154.64 represents three-fourths of $10,872.85. The difference between $11,672.09 and $10,872.85 is $799.24, the precise amount expended by plaintiff for carpeting, as shown on page 2 of exhibit 5-i. It seems clear that the trial court totaled all of plaintiff's expenditures but overlooked this amount and included for exhibit 5-i only the $485 installation charge shown on the top page of that exhibit. Defendant is in no position to complain that the trial court overlooked this item of damages.