974 F.2d 1342
 23 Envtl. L. Rep. 20,117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold HAMMOND, et al., Plaintiffs/Counter-defendants/Appellees,
v.
COUNTY OF MADERA, et al., Defendant/Counter-claimant/Appellant,
and
United States of America, Defendant/Appellee.
Harold HAMMOND, et al., Plaintiffs/Counter-defendants/Appellants,
v.
COUNTY OF MADERA, et al., Defendant/Counter-claimant/Appellee,
and
United States of America, Counter-defendant/Appellee.
 Nos. 90-16408, 90-16496 and 91-15085.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1992.
Decided Sept. 2, 1992.
 
 1
 Before SCHROEDER and FLETCHER, Circuit Judges, and WATERS*, Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The County of Madera ("County") appeals from the Judgment in Condemnation Proceeding, filed September 13, 1990, instructing the County to pay Counter-defendants ("the Hammonds") $113,747.00 as just compensation for the Hammonds' property and for the road and bridge improvements built by the County on that property. The County seeks reversal on the grounds that a public entity with the power of eminent domain is not required to pay for improvements it has built in a proceeding for condemnation. The County also contends that if its liability to pay for such improvements depends on whether it acted in good faith, a subjective standard of good faith should be applied to find that the County did indeed act in good faith.
 
 
 4
 The Hammonds appeal from the same Judgment in Condemnation Proceeding on the ground that prejudgment interest should accrue from the date of the County's original trespass in 1962. The Hammonds also appeal the Second Amended Order For Possession, filed December 12, 1990, on the basis that the County must, according to state law, deposit the full judgment amount before taking possession of the condemned property.
 
 
 5
 The United States of America ("United States") has filed a brief in opposition to the County's appeal but takes no position on the issues appealed by the Hammonds.
 
 
 6
 We affirm the judgment because the County did not act in good faith when it entered the Hammonds' land to build improvements. We also affirm the award of interest since the date of the judgment as consistent with California law and order the County to pay the Hammonds the balance of the judgment.
 
 DISCUSSION
 A. Liability for the Improvements
 
 7
 The County argues that the Judgment in Condemnation Proceeding should be reversed and remanded because it cannot be held liable for the improvements it made on the condemned property. Prior to trial, the district court ruled that the County had acted in bad faith; at trial, the court instructed the jury merely to return the value of the condemned land plus the improvements placed thereon by the County. The County contends that even if an entity with the power of eminent domain can be made to pay for its own improvements if good faith is lacking, the good faith standard is a subjective one. Since this issue and the others raised by the Hammonds solely concern the law, they are reviewable by this Court de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.), cert. denied, 469 U.S. 824 (1984).
 
 
 8
 The County filed its counterclaim for condemnation of the Hammonds' property pursuant to 25 U.S.C. § 357. That statute provides that "[l]ands allotted in severalty to Indians may be condemned for any public purpose under the laws of the State or Territory where located in the same manner as land owned in fee may be condemned, and the money awarded as damages shall be paid to the allottee." The County asserts that § 357 indicates that federal law applies and that, therefore, the federal common law rule exempting entities with the power of eminent domain from paying for their own improvements in actions for condemnation is controlling. Federal law only applies, though, to ensure exclusive federal jurisdiction. Southern California Edison Co. v. Rice, 685 F.2d 354, 357 (9th Cir.1982), cert. denied, 460 U.S. 1051 (1983). State law applies to § 357 actions to determine all other substantive matters. Nicodemus v. Washington Water Power Co., 264 F.2d 614, 617 (9th Cir.1959).
 
 
 9
 California law is less clear than federal law as to whether the holder of the power of eminent domain must pay for its own improvements in a condemnation action. California Code of Civil Procedure §§ 871.1 et seq. (West 1980) provide that a trespassing "good faith improver" is entitled to a setoff for the value of its improvements. Section 871.7, however, states that these provisions do not apply "where the improver is a public entity." Neither the statutory language nor available legislative comments explain why the good faith improver provision is not applicable to public entities or how such public entities should be treated. This Court concludes that the exemption means that the statutory scheme does not apply and that the Court must refer to California common law.
 
 
 10
 California common law in this area is rather lacking--the most recent decisions dating from 1874 and 1890. Short of any other guidance, Albion R.R. Co. v. Heeser, 84 Cal. 435 (1890) provides the clearer and "more recent" statement of California law on the good faith improver with the power of eminent domain and is therefore controlling. In that case, the California Supreme Court held that a railroad company with the power to condemn was not required to pay compensation to the property owner for improvements built prior to condemnation by the railroad because the railroad had a bona fide intent to commence condemnation proceedings. Id. at 440.
 
 
 11
 That court does not specifically state that an entity with the power of eminent domain must have acted in good faith in constructing the improvements but implies it by finding that the railroad did not positively know who owned the land and did not act as a "mere tort-feasor." Id. at 436. The court also noted that the railroad should not have to pay defendant money it had "expended in good faith to establish a public use." Id. at 440. Finally, in explaining why California Pacific R. Co. v. Armstrong, 46 Cal. 85 (1873) was applicable and United States v. Land in Monterey County, 47 Cal. 515 (1874) was not, the court concluded "that the court through the circumstances in the one case [California Pacific ] evinced the disposition in good faith to condemn and pay a just compensation, and the other [Monterey County ] an entry by the strong hand with no such intention." Albion 84 Cal. at 440.
 
 
 12
 The court in Albion does not clarify whether the good faith standard is an objective as opposed to subjective one. Since § 871.1 et seq. are analogous to the issues at bar, the definition for good faith provided there is applicable. Section 871.1 defines a good faith improver as one "who makes an improvement to land in good faith and under the erroneous belief, because of a mistake of law or fact, that he is the owner of the land." Cases applying this standard have found that "[n]egligence on the part of the improver does not necessarily preclude all relief. The degree of negligence is a factor which should be taken into account in determining whether the improver acted in good faith and in determining the relief that is consistent with substantial justice." Powell v. Mayo, 123 Cal.App.3d 994, 999 (1981). See also Raab v. Casper, 51 Cal.App.3d 866, 872 (1975) (holding that "in applying this particular legislation, good faith becomes an artificial attribute, calling for a measure of care as well as honesty").
 
 
 13
 Since § 871.1 et seq and California cases have defined good faith, that definition may be applied here without deciding whether the standard is technically a subjective or objective one. Under this standard, the County did not act in good faith. In an earlier decision, this Court found that the County acted in "reckless disregard" of the Hammonds' property rights. Hammond v. County of Madera, 859 F.2d 797, 803 (9th Cir.1988). The County continued construction of the improvements and incorporated them after the Secretary of the Interior notified the County Board in 1969 that it had no valid right-of-way for the road across the allotment. This continued construction of "the offending construction in defiance of the injured owner's opposition is inconsistent with good faith." Raab v. Casper, 51 Cal.App.3d at 873. Since the County's degree of negligence, "reckless disregard," is inconsistent with good faith under California law, the County is not a good faith improver and must compensate the Hammonds for the improvements constructed.
 
 B. Prejudgment Interest
 
 14
 The Hammonds appeal the Judgment in Condemnation Proceeding for failure to award prejudgment interest from the date of the County's trespass, that is, 1962. It is not clear from the district court's Memorandum Decision and Order, filed September 13, 1990, whether it applied California law or federal law. Rule 71A(k) of the Federal Rules of Civil Procedure and 25 U.S.C. § 357 mandate that state law apply in determining the amount of interest due.
 
 
 15
 California Code of Civil Procedure § 1268.310 (West 1982 & Supp.1992) provides that a condemnee is entitled to draw legal interest on a condemnation award from the earliest of the following dates:
 
 
 16
 a) The date of judgment;
 
 
 17
 b) The date plaintiff takes possession of the property;
 
 
 18
 c) The date after which plaintiff is authorized to take possession of the property as stated in an order for possession.
 
 
 19
 Contrary to the interpretation advanced by the Hammonds, "takes possession" does not refer to the date the condemnor first trespassed but, rather, when it first takes possession in anticipation of or following a judgment for condemnation. E.g., Los Angeles County v. Smith, 55 Cal.App.3d 749 (1976); People Ex Rel. Dept. Public Works v. Loop, 161 Cal.App.2d 466 (1958); City of San Rafael v. Wood, 144 Cal.App.2d 604 (1956). The cases cited by the Hammonds are inapposite since they involved claims for inverse condemnation. Further, since the County is paying the Hammonds for the current value of the land, for trespass damages and for improvements it has already paid to construct, an award of prejudgment interest as requested by the Hammonds would be excessive. Therefore, the district court's award of interest since the date of judgment on August 1, 1990 is affirmed.
 
 C. Order for Possession
 
 20
 The Hammonds appeal the Second Amended Order for Possession, filed December 12, 1990, allowing the County to take the Hammonds' property by depositing $14,000.00 with the court and posting a supersedeas bond in the amount of $227,494.00. The Hammonds contend that the district court should have followed California Code of Civil Procedure § 1268.110(a) (West 1982) and required the full judgment amount and not just the $14,000.00 be deposited with the court prior to possession. We do not need to decide this issue but need only instruct the County to pay the Hammonds the full amount ordered by the Judgment in Condemnation Proceeding.
 
 
 21
 AFFIRMED.
 
 
 
 *
 Senior United States District Judge Waters, sitting by designation from the Central District
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3