[S. F. No. 245.   Department One.—March 23, 1896.]

DANIEL HAIGHT, APPELLANT, v. DENNIS TRYON, RESPONDENT.

FINDINGS — REQUEST OF PARTY — EXCEPTION—NEW TRIAL — DECISION AGAINST LAW.—No such practice is recognized under the code as an exception to a refusal of the request of a party that the court should find upon certain issues, and such ruling cannot be reviewed upon appeal merely as an error of law; but it is the duty of the court to find upon all the material issues regardless of the request of the parties, and its failure to do so is a decision against law, which is ground for a motion for new trial.

NEW TRIAL—STATEMENT—INSUFFICIENCY OF EVIDENCE—SPECIFICATIONS.— Specifications in a statement on motion for new trial are not sufficient to entitle the evidence to be reviewed, where they merely state generally what the evidence shows, and do not purport to state the particulars wherein the evidence is insufficient to justify the finding or verdict.

APPEAL from a judgment of the Superior Court of Del Norte County, and from an order denying a new trial. JAMES E. MURPHY, Judge.

The facts are stated in the opinion of the court.

*A. J. Bledsoe,* for Appellant.

It is the duty of the court to find on all issues without any request to do so, and a failure to do so is ground for granting a new trial. (*Pereira* v. *Smith,* 79 Cal. 233; *Spect* v. *Spect,* 88 Cal. 437; 22 Am. St. Rep. 314; *Cassidy* v. *Cassidy,* 63 Cal. 352; *Brown* v. *Burbank,* 59 Cal. 537–38; *Edgar* v. *Stevenson,* 70 Cal. 287; *Miller* v. *Steen,* 30 Cal. 408; *Porter* v. *Woodward,* 57 Cal. 539; *Hidden* v. *Jordan,* 28 Cal. 305; *Haffenegger* v. *Bruce,* 54 Cal. 416; *Estate of Burton,* 63 Cal. 36; *Kimball* v. *Stormer,* 65 Cal. 118; *Ernst* v. *Cummings,* 55 Cal. 183; *Bank of Woodland* v. *Treadwell,* 55 Cal. 380; *Byrnes* v. *Claffey,* 54 Cal. 155; *Campbell* v. *Buckman,* 49 Cal. 367–69.) The specifications of particulars in which the evidence does not justify the decision are sufficient. (*Malone* v. *Roy,* 107 Cal. 518; *People* v. *Forbes,* 51 Cal. 628; *People* v. *Fuqua,* 61 Cal. 377; *Swift* v. *Canavan,* 52 Cal. 417; *Robinson* v. *Pittsburg R. R. Co.,* 57 Cal. 417, 421.)

*L. F. Cooper,* and *Sawyer & Burnett,* for Respondent.

The specifications of particulars in which the evidence does not justify the decision are insufficient. (Code Civ. Proc., 659; *Burton* v. *Todd,* 68 Cal. 585; *Spotts* v. *Hanley,* 85 Cal. 165; *Parker* v. *Reay,* 76 Cal. 105; *Cummings* v. *Ross,* 90 Cal. 68; Hayne on New Trials, 432; *Baird* v. *Peall,* 92 Cal. 235; *Dawson* v. *Schloss,* 93 Cal. 200; *Eddelbuttel* v. *Durrell,* 55 Cal. 277.) The failure of the court to find on all the issues cannot be considered, as the motion for a new trial was not made on the ground that the decision was against law. (*Southern Pac. Co.* v. *Dufour,* 95 Cal. 621; *Brison* v. *Brison,* 90 Cal. 328; *Spotts* v. *Hanley, supra.*)

VAN FLEET, J.—Action for a partnership accounting in which findings and judgment were in favor of defendant. Plaintiff appeals from the judgment and an order denying him a new trial.

1. Plaintiff asked the court below to find upon certain issues which he contended were presented by the pleadings, and which he deemed material; his request was refused and he took an exception, which he now seeks to have reviewed as an error of law.

No such practice is recognized by our present method of procedure provided by the code. (*Lamb* v. *Harbaugh,* 105 Cal. 680, 692.) It is the duty of the court to find upon all the material issues, regardless of any request of the parties, and a failure in that respect is ground for a new trial to the party aggrieved as "a decision against law." (*Knight* v. *Roche,* 56 Cal. 17; *Spotts* v. *Hanley,* 85 Cal. 168.) In this case, however, plaintiff did not include that as one of the grounds upon which a new trial was asked, and the error, therefore, if such there be, does not arise upon the record.

2. It is claimed that the evidence does not support the findings in several particulars, but this objection we are likewise precluded from reviewing for want of any sufficient specification. The form of the specifications is exemplified by the following:

"To findings 2, 3, 4, 5, 6 and 7 of the court the plaintiff then and there duly excepted, upon the ground that the evidence is insufficient to justify the finding in this: The evidence clearly shows that the total amount contributed to the partnership by Dennis Tryon was the sum of three thousand six hundred and eighty-four dollars, and the total amount contributed to the partnership by Daniel Haight was the sum of three thousand one hundred and fifty-one dollars and fifty-five cents."

This is in no essential a sufficient specification of the particulars to enable us to review the evidence. (*Spotts* v. *Hanley, supra.*) Speaking in that case of specifications in no material respect different from the one above quoted, it is said:

"Just such specifications were condemned in *Parker* v. *Reay*, 76 Cal. 105, approving *Eddelbuttel* v. *Durrell*, 55 Cal. 279, in which last it is said, speaking of section 659 of the Code of Civil Procedure: 'The purpose of the statute is apparent. It was to direct the attention of the court and counsel to the particulars relied on by the moving party, to the end that the evidence bearing on the specifications of error might be inserted in the statement and considered by the court.'"

The other attempted specifications are equally vicious and devoid of a single requisite. None of them purport to state wherein the evidence is insufficient, but contain simply general statements of what it shows. As suggested by Mr. Hayne: "It is not necessary that the specifications should state what the evidence does show. Such a statement is insufficient if standing alone, and surplusage if joined to a proper specification." (Hayne on New Trial and Appeal, 432; *Dawson* v. *Schloss*, 93 Cal. 200; *Kumle* v. *Grand Lodge*, 110 Cal. 204.)

The other points require no special notice; they involve no error, and the judgment and order must be affirmed.

It is so ordered.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.