[Civ. No. 823.   Third Appellate District.—April 26, 1911.]

# MICHELE CARGNANI, Respondent, v. PHILOMENA CARGNANI, Appellant.

ACTION FOR DIVORCE—EXTREME CRUELTY—SPECIFIC · ACTS CHARGED BY EACH PARTY—GENERAL FINDING FOR PLAINTIFF — JUDGMENT UNSUPPORTED.—In an action for divorce, where nine specific acts of cruelty were charged in the complaint of the husband, and twelve or thirteen distinct acts of cruelty were charged in the wife's cross-complaint, and all specific charges were ignored, and the court made a mere general finding that defendant had been guilty of extreme cruelty toward the plaintiff, it is held that such general finding is but a mere conclusion, and furnishes no basis for the judgment for the plaintiff. A complaint in the language of such general finding would state no cause of action.

ID.—DECISION REQUIRED TO STATE FACTS FOUND AND CONCLUSIONS SEPARATELY.—Under our practice the written decision of the court must state the facts found and the conclusions of law separately.

ID.—DEFECT IN FINDINGS FATAL TO JUDGMENT—REMEDY BY APPEAL.—A defect in the findings is fatal to the judgment; and when the conclusion of the court is unsupported by the facts found, the remedy is by appeal from the judgment.

ID.—OBJECTIONS TO FINDINGS NOT REQUIRED UNDER CODES.—The decisions made prior to the codes as to the necessity of objection to the findings in the court below ceased to be operative when the codes took effect.

ID.—DUTY OF COURT TO FIND UPON ALL MATERIAL ISSUES—REQUEST NOT REQUIRED—NEW TRIAL—"DECISION AGAINST LAW"—REVIEW UPON APPEAL.—It is the duty of the court, independent of any request by the parties, or either of them, to find upon all of the material issues, and a failure in that respect warrants a new trial on the ground that the "decision is against law," and is reviewable on appeal from the order denying the motion.

ID.—ERROR IN FAILURE TO FIND UPON MATERIAL AVERMENTS OF CROSS-COMPLAINT.—The court erred in its failure to find upon the material averments of cruelty of the husband set forth in the cross-complaint of the wife. The wife is entitled to a specific finding thereon, where there was abundant evidence to support them.

ID.—FINDING UPON CROSS-COMPLAINT NOT RENDERED IMMATERIAL.—It cannot be said that a finding upon the averments of the cross-complaint were rendered immaterial by reason of the decision of the court in favor of plaintiff on the allegations of his complaint. Even if the court had found the special facts stated in the complaint, the defendant would have been entitled to a specific finding

upon her averments of the conduct of the husband set forth in her cross-complaint.

ID.—EFFECT OF FINDING IN FAVOR OF WIFE'S AVERMENTS.—If the finding had been in favor of the wife's specific charges of cruelty, it is hardly probable that the trial judge would have granted plaintiff a divorce at all. At least, the court would assuredly have awarded the wife a portion, if not all, of the community property.

ID.—WEAKNESS OF CORROBORATIVE EVIDENCE FOR PLAINTIFF—CORROBORATION OF ACTS OF CRUELTY NOT AVERRED — WAIVER OF VARIANCE.— Where the plaintiff's corroborative evidence was as to acts of cruelty not averred, yet where no objection thereto on account of variance was urged at the trial it cannot be urged upon appeal for the first time.

ID.—PROVINCE OF TRIAL COURT.—It is the province of the trial court to determine the credibility of the witnesses for the respective parties.

ID.—DIVISION OF PROPERTY—POWER OF APPELLATE COURT.—It seems rather harsh treatment to set aside all the property to plaintiff to the exclusion of defendant, though it is permitted when a divorce is awarded on the ground of cruelty, yet the appellate court has the right to review the acts of the lower court in awarding property in actions for divorce, and to make such order as it may deem proper, independent of the question of discretion.

ID.—IMPROPER DISCRETION IN REFUSING COSTS ON APPEAL TO WIFE.— The discretion of the trial court as to the allowance of costs on appeal to the wife, where the husband has the possession of all the property and the wife is penniless, should be a legal and not an arbitrary discretion and should be designed to promote justice. Though it is not in terms made mandatory upon the court to allow such costs, yet in view of the reported cases in which the law has been construed, and of the uncontradicted averments of defendant's affidavit, it is held that the discretion of the court should have been exercised in making an allowance to her for her costs on appeal.

APPEAL from a judgment of the Superior Court of Alameda County, and from orders denying a new trial, and denying defendant's motion to require plaintiff to pay defendant's costs and expenses of appeal.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

A. A. Montagne, for Appellant.

Crosby & Richardson, for Respondent.

BURNETT, J.—The appeal is from the judgment and order denying the motion for a new trial and also from an order denying defendant's motion to require plaintiff to pay said defendant's costs and expenses of appeal.

An interlocutory decree of divorce was granted plaintiff on the ground of extreme cruelty, and all the community property, including a homestead, was assigned to him absolutely. Defendant, in her answer, denied all the specified acts of cruelty charged by plaintiff, and she filed a cross-complaint setting up a cause of action against him for divorce on the ground also of extreme cruelty.

Of the various contentions made by appellant, we consider first the question as to the sufficiency of the findings. These are very brief, and, aside from the formal recital of the conjugal relation, the place and date of marriage and the statutory residence in Oakland, county of Alameda, they are as follows:

"IV. That the defendant has been guilty of extreme cruelty toward the plaintiff. V. That the property herein mentioned and described in the cross-complaint is community property (describing it). VI. That the allegation of plaintiff alleging that adultery was committed by the defendant and cross-complainant was not proven to the satisfaction of this court for the reason that the testimony of the plaintiff regarding said allegation was not corroborated by other testimony as required by law and for that reason the court finds that defendant did not commit adultery." Then follow the conclusions of law that the plaintiff is entitled to an interlocutory decree of divorce and to be awarded all of the property.

The only finding, therefore, as to a disputed fact is in relation to the charge of adultery and that is in favor of defendant.

Plaintiff's complaint exhibits some nine distinct acts of cruelty, and the defendant's cross-complaint, twelve or thirteen, and, with the aforesaid exception, the court has entirely ignored them in its decision. For it cannot be and is not disputed that the so-called finding "that the defendant has been guilty of extreme cruelty toward the plaintiff" is but a mere conclusion and it furnishes no basis for the judgment. A complaint containing merely such an allegation as a ground

for divorce would manifestly fail to state facts sufficient to constitute a cause of action.

Under our practice the decision of the court must be in writing and filed within thirty days after the cause is submitted. (Code Civ. Proc., sec. 632.) It consists of the facts found and conclusions of law separately stated. (Code Civ. Proc., sec. 633.)

It is settled beyond controversy that it is the duty of the court to find on all the material issues, and a failure in that respect is ground for a new trial as a "decision against law." "A judgment based upon findings which do not determine all such issues is, in our opinion, 'a decision against law' for which a new trial may be had. In such case, a re-examination of the facts becomes necessary in order that the issues of fact may be determined." (*Knight* v. *Roche,* 56 Cal. 15; *Adams* v. *Helbing,* 107 Cal. 298, [40 Pac. 422].)

That the "decision is against law" was one of the grounds urged in the court below, hence it is reviewable on an appeal from the order denying the motion. (*Haight* v. *Tryon,* 112 Cal. 4, [44 Pac. 318].)

This duty of the court is entirely independent of any request of the parties or either of them. (*Lamb* v. *Harbaugh,* 105 Cal. 680, [39 Pac. 56].)

This defect in the findings is also fatal to the judgment for the reason that no facts are found sufficient to support said judgment. When the conclusion of the court is unsupported by the facts found, the remedy is by appeal from the judgment. (*Kirman* v. *Hunnewell,* 93 Cal. 519, [29 Pac. 124].)

The only answer made by respondent to this contention is "That it does not appear that any objection was made to the findings in the court below, and in view of that fact the objection thereto cannot be urged in the appellate court for the first time." In support of this position the following cases are cited: *Moore* v. *Campbell,* 72 Cal. 253, [13 Pac. 689]; *First Nat. Bank* v. *Holt,* 87 Cal. 162, [25 Pac. 272]; *Warner* v. *Holman,* 24 Cal. 288; *Cook* v. *De La Guerra,* 24 Cal. 237. The first two are not at all in point. Neither involved the sufficiency or want of findings of fact, but the claim was made that there was an unwarranted finding in each case—in the first, because not within the issues, and in the second, for the reason that there was no law authorizing it. In each instance

the supreme court decided adversely to the contention. The Warner and Cook cases, *supra,* are early decisions, prior to the adoption of the codes, under a special statute requiring an objection to be made, and they are of no authority now. The procedure therein prescribed ceased to be operative when the codes came into operation in 1873. (*Lamb* v. *Harbaugh,* 105 Cal. 680, [39 Pac. 56].)

Similarly, the court erred in its failure to find upon the material allegations of the cross-complaint. Under some circumstances such omission would be excused. but that is not the case here. There was abundant evidence to support said allegations, and it cannot be said that a finding thereon was rendered immaterial by reason of the decision of the court in favor of plaintiff on the allegations of his complaint. Even if the court below had found the facts as alleged in the complaint, defendant would have been entitled to a specific finding as to her averments of cruel conduct. This follows from an application of the test whether a finding either way would or might have affected the judgment. If the finding had been in her favor as to her specific allegations it is hardly probable, in view of the evidence in the record, that the trial judge would have granted plaintiff a divorce at all. At least, the court would have assuredly awarded defendant a portion, if not all, of the community property.

There is nothing to the contrary in *McCourtney* v. *Fortune,* 57 Cal. 619, or *Murphy* v. *Bennett,* 68 Cal. 528, [9 Pac. 738]. As stated by appellant, the McCourtney case involved the ownership of real property, and the court found that plaintiff had at no time been the owner or in the possession or entitled to the possession of the property in controversy. Manifestly, it was not prejudicially erroneous for the court to omit to find upon the plea of the statute of limitations. Since the plaintiff had no title at all, of course, there was nothing to be barred by the statute. In the Murphy case the action was to recover damages from the defendant for tearing down a barn and converting the materials thereof to his own use. The court found that the plaintiff was not and that the defendant was the owner of the building. The supreme court very properly held that this rendered it of no moment whether there was any finding upon the affirmative defense of justi-

fication.  The finding as to ownership was necessarily decisive of the whole case.

While the corroborative evidence in behalf of plaintiff seems somewhat feeble, we cannot say that it is not sufficient to meet the requirements of the code.  The testimony of plaintiff that was corroborated appears to have been addressed to other instances of cruelty than those specifically alleged in the complaint, but to this no objection was made at the trial by defendant and of this variance it is now too late to complain. (*Anderson* v. *Black,* 70 Cal. 231, [11 Pac. 700].)

If the case was tried upon the theory that such evidence was admissible, and it was offered and received without objection, the losing party cannot be permitted in the appellate court for the first time to raise an objection on the ground suggested. (*Carpenter* v. *Ewing,* 76 Cal. 488, [18 Pac. 432].)

Likewise, it is not for us to declare that the court was bound to find in favor of the allegations of the cross-complaint. The cold record exhibits a persuasive showing in favor of defendant.  The court, however, manifestly disbelieved her and her witnesses and we must assume that the disbelief was justified by the concomitant circumstances.

To set apart all of the property to plaintiff seems rather harsh treatment of defendant.  This, though, is permitted where a divorce is awarded on the ground of extreme cruelty. (Civ. Code, sec. 146, subd. 1.)

Under our practice the appellate court, however, has the right to review the action of the lower court in awarding property in actions for divorce and to make such order thereupon as it may deem proper, independent of the question of discretion.   (Civ. Code, sec. 148; *Reid* v. *Reid,* 112 Cal. 274, [44 Pac. 564] ; *Strozynski* v. *Strozynski,* 97 Cal. 189, [31 Pac. 1130].)   But since a new trial may develop a different situation, it is deemed unnecessary to do more than to make the foregoing suggestions.

Appellant complains bitterly of the action of the court in refusing to require plaintiff to pay defendant's costs of appeal.  She contends that: ''No bad faith in this appeal can possibly be attributed to appellant; that she has no separate property; that the action of the court below has left her absolutely penniless; that the husband is not only a strong, able-bodied man, but is as well in the full present enjoyment of

all the community property, together with its rents and profits; that she has a right to defend herself against the attacks of her husband; that not only the immediate parties to an action for divorce, but as well the state, is interested in the matrimonial relations of its citizens, and that if she has a defense against her husband's accusations or an independent cause of action against him, public policy demands that she present the same for judicial determination, and that there be no connivance on her part, and that there is no case reported in our California Reports where the wife in good faith defending herself against her husband, without personal means of her own, has been denied the right to an order for an allowance against the husband,'' and she asserts that the same consideration should have been shown her as has been the uniform practice in other cases.

In opposition to this contention it is claimed that the allowance of costs of appeal is purely discretionary with the court below, and there is no showing that there was any abuse of discretion in this case. (Civ. Code, sec. 137; *Gay* v. *Gay,* 146 Cal. 237, [79 Pac. 885].) The ''discretion,'' though, as has been often held, means discretion guided by law and based upon sound judgment and inspired by a desire to promote justice. It must not be arbitrary nor capricious. It was said by Chief Justice Marshall, in *Osborne* v. *United States Bank,* 22 U. S. 738, [6 L. Ed. 204] : ''Courts are mere instruments of the law and can will nothing. When they are said to exercise a discretion, it is a legal discretion; a discretion to be exercised in discovering the course prescribed by law, and when that is discovered it is the duty of the court to follow it.'' While the law here, it is true, does not in terms make it mandatory for the court to allow such costs, yet, in view of the reported cases in which the law has been construed and of the uncontradicted averments of defendant's affidavit, we think the discretion of the court should have been exercised in making some allowance to defendant for her costs on appeal.

For the foregoing reasons the judgments and orders are reversed.

Hart, J., and Chipman, P. J., concurred.