[Sac. No. 1984. In Bank—June 3, 1913.]

## CALIFORNIA MOTHER LODE MINING COMPANY (a Corporation), Appellant, v. ED. PAGE et al., Respondents.

QUIETING TITLE—MINING CLAIM DESIGNATED BY PARTICULAR NAME—INDEFINITENESS OF DESCRIPTION OF BOUNDARY—CONSTRUCTION OF FINDINGS—DEFENDANTS· OWNERS OF ADJOINING CLAIM—PLEADINGS.—In an action to quiet title to a mining claim, the complaint, while alleging that the property was known by a particular name, was indefinite in the description of its boundaries. The answer, after denying that the plaintiff had any interest in the property referred to in the complaint, or that the defendants had trespassed on the plaintiff's claim, set up title in the defendants to a specific mining location, and admitted that they were conducting mining operations upon such land claimed by the plaintiff as was within the limits of their location. The court found that the plaintiff owned the claim designated by the name alleged in the complaint, particularly describing it, but that it was not the owner or entitled to the possession of any other land described or attempted to be described in its complaint; that none of the defendants had ever claimed or had any interest in the property so described in the findings and constituting the plaintiff's claim, or had ever entered thereon, or any part thereof, or taken any mineral therefrom, or ever threatened so to do; and that all of the defendants' mining operations had been upon land not included in the plaintiff's claim, but upon land forming a part of their own location, which adjoined the plaintiff's claim. *Held,* that the pleadings put in issue the ownership of the property attempted to be described in the complaint, and that the findings, in view of the uncertainty of the

description of the plaintiff's claim in the complaint, were sufficient
to support a judgment for the defendants, as to the land included
in their location, notwithstanding the fact found that the defend-
ants never claimed any interest in the property found to belong to
the plaintiff, was opposed to the express statements of the answer.

ID.—RIGHT OF PLAINTIFF TO JUDGMENT ESTABLISHING ITS OWNERSHIP.
Under such pleadings and findings the plaintiff was entitled to have
the judgment decree it to be the owner of so much of the property
attempted to be described in the complaint as was found to belong
*to it, the rights of the defendants being protected as to the re-*
mainder of the property.

APPEAL from a judgment of the Superior Court of Yuba
County.  K. S. Mahon, Judge presiding.

The facts are stated in the opinion of the court.

Richard Belcher, and W. H. Carlin, for Appellant.

Brittan & Raish, and Wallace Dinsmore, for Respondents.

ANGELLOTTI, J.—This is an appeal upon the judgment-
roll alone by plaintiff from a judgment in favor of de-
fendants.

The action was one to quiet plaintiff's title to a certain
mining claim known as the Eagle Quartz Mine and to enjoin
defendants from taking valuable minerals therefrom.  The
complaint alleged that plaintiff was the owner of such claim,
attempting to more particularly describe it, but the descrip-
tion, except for the name of the claim, was somewhat in-
definite.  It was alleged that defendants claimed an interest
therein adverse to plaintiff, that defendants were mining the
same and had extracted valuable minerals therefrom, and were
threatening to continue to so do, and that they were in pos-
session of a part thereof in the southeastern portion, consist-
ing of about three acres.  Defendants answered, denying that
plaintiff was the owner of all or any part of the property
referred to in the complaint, denying that they had no interest
therein, and denying that they had trespassed on plaintiff's
claim.  They based their claim of title on a certain mining
location known as the "Last Chance Mining Claim," and

admitted that they were conducting mining operations upon such land claimed by plaintiff as was within the limits of said Last Chance Mining Claim.

The cause was tried upon the issues joined. The trial court found that plaintiff is the owner and entitled to the possession of the claim known as the "Eagle Quartz Mining Claim," particularly and definitely describing it. It further found that plaintiff is not the owner or entitled to the possession of any other land described or attempted to be described in its complaint; that none of the defendants had ever claimed any estate or interest in the property so described in the findings and constituting the Eagle Quartz Mining Claim, and that none of them has any estate or interest therein or any part thereof; that none of said defendants has ever entered upon said land or any part thereof; or taken any mineral therefrom, or ever threatened so to do; and that all of their mining operations complained of by plaintiff have been upon land not included in said Eagle Quartz Mining Claim, but which is a part of their own Last Chance Quartz Claim, which adjoins the Eagle Quartz Claim.

Upon these findings judgment was given that plaintiff take nothing, that the injunctions and restraining orders theretofore issued be dissolved, and that defendants recover their costs.

The finding to the effect that defendants never claimed and do not now claim any estate or interest in the property found to belong to plaintiff is opposed to the express statements of the answer. Probably what the learned judge of the trial court meant by this finding was that defendants had never in fact made any claim in any way to any portion of the land that was included in the Eagle Quartz Claim as described in the findings, prior to the commencement of the action, and that their claim had been confined to land lying outside of such claim as the same was described in such findings. The condition of defendants' answers in this regard may be due, as is claimed by their counsel, to the somewhat uncertain description in the complaint, and the inability of defendants to ascertain what land was intended to be included thereby. Of course it was manifest that plaintiff claimed that the land actually occupied and being worked by defendants was so included. But under the allegations of the complaint and

answer, it was established for all the purposes of the case that defendants claimed all the land described in the complaint, and the finding to the contrary was unwarranted. Under these circumstances, it is clear that there was a material issue as to the ownership of the property attempted to be described in the complaint, and, of course, as is claimed by plaintiff, a finding thereon was essential.

But we cannot concur in plaintiff's claim that there is not a sufficient finding upon this issue. Plaintiff by its complaint attempted to include within the limits of the Eagle Quartz Claim, of which the court found it to be the owner, land that was not in fact included therein, according to the findings. The court found that plaintiff is the owner of the Eagle Quartz Mining Claim, particularly and with certainty describing said claim, and that none of the defendants has any estate, right, title, or interest in the same or any part thereof. It is perfectly apparent from a comparison of the description in the findings with that in the complaint that they both refer to the same claim; the Eagle Quartz Mining Claim in the old Indiana Ranch Mining District, Yuba County, California, and that the more particular description in the findings includes some, but not all, of the land attempted to be particularly described in the complaint. The court further found that plaintiff was never the owner or entitled to the possession of any land described or attempted to be described in the complaint other than that so specifically described in the findings as constituting in fact the Eagle Quartz Claim. We are utterly at a loss to see why these findings do not clearly and definitely determine the issue as to ownership, the determination being in favor of plaintiff as to a specified portion of the land attempted to be particularly described in the complaint, and in favor of the defendants as to all the remainder thereof. As we have already said, the court found that none of defendants had ever entered upon the land found to belong to plaintiff, or been in possession of any part thereof, or taken any mineral therefrom, or threatened to do any of these things, and that all their acts in this behalf had been confined to land outside of plaintiff's lines, and to land embraced within their own Last Chance Mining Claim.

The judgment was correct in so far as it denied plaintiff any relief by way of injunction. But eliminating from con-

sideration the finding that defendants never claimed any interest in the property found to belong to plaintiff, as we must do in view of the conditions of the pleadings in that regard, we think that upon the findings on the material issues made by the pleadings, plaintiff was entitled to have the judgment decree it to be the owner of so much of the property as was found by the court to belong to it. We do not mean to imply that the judgment as given would be held, in the light of the findings, to be an adjudication that plaintiff has no interest in any of the property described in the complaint, but we are of the opinion that plaintiff is entitled upon the findings to such a provision in the judgment. The provision should be so expressed as to fully protect the rights of the defendants as to the remainder of the property. As to the other relief asked the judgment of the lower court was correct in decreeing that plaintiff take nothing.

The judgment is reversed, with directions to the lower court to enter a new judgment upon the findings already made, in accordance with the views herein expressed.

Shaw, J., Sloss, J., Henshaw, J., and Beatty, C. J., concurred.

MELVIN, J., concurring.—I concur in the judgment of reversal, but dissent from the direction to the lower court to enter judgment on the findings. I believe that the cause should be sent back for a new trial. In the above opinion this language is used: "It is perfectly apparent from a comparison of the description in the findings with that in the complaint that they both refer to the same claim, the Eagle Quartz Mining Claim in the old Indiana Ranch Mining District, Yuba County, California, and that the more particular description in the findings includes some, but not all, of the land attempted to be particularly described in the complaint." In order to reach such a conclusion we must assume that the initial point mentioned in the findings is identical with that indicated in the description contained in the complaint, and there is nothing to show this. In the complaint the description commences at a monument in Freegoose ravine by the arrastre owned by Higgins and Sons. The claim is described as running seven hundred and fifty feet north and seven hun-

dred and fifty feet south from this point on a certain ledge or lode, and three hundred feet on either side of the center of the lode, "including all dips, spurs and angles." In the findings the said mining claim is described as being one thousand five hundred feet long and six hundred feet wide, having its initial monument in the center of said claim and in Freegoose ravine near the site of an old arrastre formerly known as "the Higgins and Sons arrastre." The center line is described as extending seven hundred and fifty feet from said monument north thirty-eight degrees thirty minutes east, and seven hundred and fifty feet in the opposite direction. The side lines are described as extending three hundred feet on each side of the center line and parallel thereto. The northerly and southerly lines are designated as parallel and at right angles with the center and side lines. Obviously there may be an unlimited number of points near the old arrastre. The one mentioned in the findings may or may not have been the point designated in the complaint. If it were the same one the court might have so found very easily. The argument may be advanced that the description in the complaint is very indefinite and that the plaintiff is entitled to no more definite description in the findings than the one that he furnished the court in his pleading; but the very purpose of the action was the obtaining of a distinct delimitation of the boundaries of plaintiff's mine. The judgment fails to quiet his title to anything and leaves the whole matter in a tangle. No surveyor on earth could tell from the description in the findings whether or not it included a part of the property described in the complaint, yet the lower court is directed to enter a judgment based upon such findings. It cannot be determined from the findings whether or not the description in the complaint would include a part of the Last Chance Claim, and, if so, whether or not the portion included was that from which defendants had removed valuable minerals. In these respects the findings are so uncertain that they do not support the judgment as entered. Plaintiff was entitled to distinct findings upon every material issue presented by the pleadings and to a judgment supported by such findings. (*Perkins* v. *West Coast Lumber Co.*, 120 Cal. 28, [52 Pac. 118]; *Gilman* v. *Curtis*, 66 Cal. 116, [4 Pac. 1094]; *Harlan* v.

*Ely,* 55 Cal. 344.)   I think the case ought to be tried anew; that findings free from ambiguity should be made; and that a proper judgment should be based thereon.

Lorigan, J., concurred.