[Civ. No. 1612. Second Appellate District.—March 15, 1915.]

## RAY C. GRISWOLD et al., Respondents, v. CHARLES A. WINTERS et al., Appellants.

CONTRACTS—SALE OF STALLION—ACTION ON PROMISSORY NOTE FOR PURCHASE PRICE—DEFENSE OF MISREPRESENTATIONS—FAILURE TO FIND ON MATERIAL ISSUES.—In an action upon a promissory note, given as part payment of the purchase price of a stallion, where the answer set forth in substance that plaintiffs represented that the stallion was "an 80 per cent foal getter" and promised that if the defendants would buy the horse and give their promissory notes to plaintiffs for the purchase price thereof, in the event that said horse did not prove to be wholly sound, free from blemishes, and an eighty per cent foal getter, plaintiffs would take back the horse and surrender the notes, upon which promise it is alleged defendants relied in making the purchase, and it was further alleged that the horse was almost an entire failure and wholly valueless for breeding purposes, and that plaintiffs knew the representations to be false when made, a finding on these issues "that no representations were made or fraud practiced by the plaintiffs in the sale of said stallion to defendants; that plaintiffs performed each and every part of their contract of sale and gave full consideration for said note," is insufficient, and the defendants were entitled to findings which would decide the issues of fact which were a substantial part of the defense and a failure to so find was reversible error.

APPEAL from an order of the Superior Court of Imperial County denying a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Conkling & Brown, for Appellants.

Farr & Myers, and McPherrin & Nichols, for Respondents.

CONREY, P. J.—This appeal is by the defendants from an order denying their motion for a new trial. The action is brought upon a note for one thousand dollars executed by appellants to respondents. Concurrently with the delivery of this note and another of like amount, and in consideration of said notes, the respondents sold and delivered to appellants a stallion at an agreed price of two thousand dollars, payable as specified in the notes. The answer alleges that the respond-

ents represented that the stallion was ''an eighty per cent foal getter,'' and promised that if defendants would buy the horse and give their promissory notes to plaintiffs for the purchase price thereof, that in the event that said horse did not prove to be wholly sound, free from blemishes, and an eighty per cent foal getter that plaintiffs would take back the horse and surrender the notes.   The answer contains allegations further showing that the purchase was made in reliance upon these representations and promises; that a fair test was made during the season following the sale; that the horse was an almost entire failure and was wholly valuless for breeding purposes; that respondents knew the representations to be false when made; that on ascertaining the facts aforesaid appellants have promptly offered to return the horse to respondents and have demanded surrender of the notes, all of which offer and demand have been refused.

Although evidence was received in respect to these matters of defense, the court has failed to decide the issues raised thereby, except as such decision may be found in the finding ''that no misrepresentations were made or fraud practiced by plaintiffs in the sale of said stallion to defendants; that plaintiffs performed each and every part of their contract of sale and gave full consideration for said note.''   This is not sufficient, and the error is distinctly relied upon in the specifications in the statement on motion for a new trial, which specifications presumably contain the grounds on which the motion was made (*Cross* v. *Mayo,* 167 Cal. 594, 598, [140 Pac. 283]) ; although, as too often occurs, the grounds of the motion are not directly shown by the record.   The finding above quoted may perhaps be sufficient as a decision that the representations alleged to have been made concerning the horse were not made, or that if made, they were in good faith and without any fraudulent practice.   But the court wholly fails to decide the facts with respect to the defense that respondents had promised that if the horse did not come up to the described standard for breeding purposes, they would take him back and surrender the notes; that the horse was an almost total failure for those purposes; that on discovering the fact of such failure appellants had offered to return the horse in as good condition as that in which he was received.   Appellants were entitled to findings which would decide these issues

of fact which were a substantial part of their defense. (*Cargnani* v. *Cargnani,* 16 Cal. App. 96, [116 Pac. 306].)

The order denying the motion for a new trial is reversed.

James, J., and Shaw, J., concurred.