SUPERIOR GLASS COMPANY *vs.* DISTRICT COURT OF SIXTH JUDICIAL DISTRICT.

NOVEMBER 19, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Costs.  Discretion.*

The allowance of costs by the court under Gen. Laws, cap. 417, sec. 12, "as shall on examination be found to be reasonable" calls for the exercise of judicial discretion.

*(2)  Process.  Bonds.*

While the attaching officer has the duty of determining whether a bond to release an attachment is satisfactory and the court is not required to and cannot pass upon the validity of the bond in such a way as to bind the officer, this does not prevent a consideration by the court of whether the act of the officer in refusing to receive the bond tendered, is arbitrary and without reason, and if retention of possession of attached property by the

officer seems to the court to be arbitrary and to constitute misuse of the officer's power it would not be reasonable to allow charges for keeping and storage arising after such conduct.

*(3)   Appeal and Error.   Discretion.*

The court will not interfere with the exercise of judicial discretion unless the result plainly shows an arbitrary use of power or a decision based upon grounds clearly untenable.

WRIT OF ERROR.   Heard on petition for writ and denied.

BARROWS, J.   Heard on petition for writ of error.

Plaintiff attached one McCormick's automobile on September 24, 1926, under authority of a writ issued from the District Court of the Sixth Judicial District returnable October 6, 1926.   McCormick paid into court on October 8, the sum of ten dollars which he admitted to be due.   The amount was insufficient to exonerate him from future costs. Plaintiff petitioned for leave to sell the attached property. This petition was heard and denied on October 11.   On October 22, the record shows: "Decision for the plaintiff for $10 and costs."

On October 1, the attaching officer's prayer for allowance was granted by an order of court reading—"Allowed for custody and keeper's fees for the sum of five dollars for one day."   On October 23 the same officer filed another sworn petition for an allowance of $49 for storage and custody, which was denied in the following language: "October 26, 1926.   One day's custody having been allowed officer on prior petition, upon hearing of this application of the officer for allowance I find that on the 24th day of September, 1926, the defendant tendered to the officer a proper bond with surety in the penal sum of the damages laid in the writ and that the officer unjustifiably refused to accept said bond and surrender to the defendant the goods and chattels attached.   This application denied.   Frederick Rueckert, Justice."   This denial constitutes the error of law complained of.

Since no question has been raised as to plaintiff's standing as petitioner for a writ of error, although his petition fails to aver that the amounts disallowed had been paid by him to the officer or any obligation to pay same had been incurred (cf. *McCarthy* v. *Hughes,* 36 R. I. 66), we shall treat the case as if properly before us on the merits.

Petitioner argues that allowance of the officer's claim is provided for in Section 1, Chap. 345, Gen. Laws 1923 (5076), awarding costs to the party prevailing "except where otherwise specially provided or as justice may require in the discretion of the court," and he urges that the court misused or failed to use the discretion required of it. The officer's petition under oath, however, follows the requirements of Gen. Laws 1923, Chap. 417, sec. 12. This section provides for the allowance of such sum "as shall on examination be found to be reasonable". The making of such allowance calls for the exercise of judicial discretion. It requires a determination of what is just and proper under the circumstances presented to the court. The judge must apply his reason and experience to the facts shown. A claim for custody and storage greatly disproportionate to the claim sued for warrants judicial scrutiny to prevent abuse of the court's processes. It is not a satisfactory answer to say that the party against whom such costs may be chargeable, if a defendant, may give a bond acceptable to the attaching officer or pay into court the *ad damnum* of the writ. The officer for no valid reason may decline to accept the bond. Where an attorney for a plaintiff who subsequently recovered damages placed the *ad damnum* at a figure grossly in excess of the sum which he could reasonably expect to recover this court held that plaintiff's costs should be disallowed. *McCusker* v. *Mitchell,* 20 R. I. 13.

It is true that upon the attaching officer rests the duty of determining whether a bond to release the attachment is satisfactory (Gen. Laws 1923, Chap. 350, sec. 20, as amended by Public Laws 1926, Chap. 798) and that the justice of the court is not required to and can not pass upon the validity

of the bond in such a way as to bind the officer, but this does not prevent a consideration by the court of whether the act of the officer in refusing to receive the bond tendered is arbitrary and without reason. The conduct of the court's officer is always subject to the court's control. *McNally* v. *Wilkinson*, 20 R. I. 315. If retention of possession seems to the court to be arbitrary and to constitute misuse of the officer's power it would not be reasonable to allow charges for keeping and storage arising after such conduct. The record before us does not disclose what facts were brought to the court's attention but it is not clear, as asserted by petitioner, that the only ground for the court's action was its opinion of the validity of the proffered bond. The fact equally well may have been that the officer did not deny the satisfactory nature of the bond to himself but told the court that he refused it simply because instructed to do so by plaintiff's counsel. If such had been the case, without further explanation to the court, it properly could say that the refusal constituted such misconduct on the officer's part as to require the court to hold that costs subsequently accruing were unreasonable.

An appellate court will not interfere with the exercise of judicial discretion unless the result plainly shows an arbitrary use of power or a decision based upon grounds clearly untenable. *Cargnani* v. *Cargnani*, 16 Cal. App. 96 (costs); *Smith & Sons Carpet Co.* v. *Ball*, 137 (N. Y.) App. Div. 100, at 102 (injunction); *Richardson* v. *Augustine*, 5 Okla. 667, at 674 (change of Presiding Justice); *Starr* v. *State*, 5 Okla. Crim. 440, at 457 (change of venue); *People* v. *Gage*, 188 Mich. 635, at 641 (change of venue).

Petitioner's claim that the court erred in using or failed to use the discretion required of it by law is without merit.

The petition for a writ of error is denied.

*Charles S. Slocum*, for petitioner.

*Maurice Robinson, Charles M. Robinson*, for respondent.