[L. A. No. 12199.   In Bank.—September 16, 1933.]

MILLER & LUX INCORPORATED (a Corporation), Appellant, v. TULARE LAKE BASIN WATER STORAGE DISTRICT (a Public Corporation) et al., Respondents.

[L. A. No. 12203.   In Bank.—September 16, 1933.]

JAMES J. STEVINSON (a Corporation), Appellant, v. TULARE LAKE BASIN WATER STORAGE DISTRICT (a Public Corporation) et al., Respondents.

[L. A. No. 12204.   In Bank.—September 16, 1933.]

EAST SIDE CANAL & IRRIGATION COMPANY (a Corporation), Appellant, v. TULARE LAKE BASIN WATER STORAGE DISTRICT (a Public Corporation) et al., Respondents.

[L. A. No. 12202.   In Bank.—September 16, 1933.]

THE SAN JOAQUIN & KINGS RIVER CANAL & IRRIGATION COMPANY, INCORPORATED (a Corporation), Appellant, v. TULARE LAKE BASIN WATER STORAGE DISTRICT (a Public Corporation) et al., Respondents.

[L. A. No. 12000.   In Bank.—September 16, 1933.]

SAN LUIS CANAL COMPANY (a Corporation), Appellant, v. TULARE LAKE BASIN WATER STORAGE DISTRICT (a Public Corporation) et al., Respondents.

[L. A. No. 12201.   In Bank.—September 16, 1933.]

FIREBAUGH CANAL COMPANY (a Corporation), Appellant, v. TULARE LAKE BASIN WATER STORAGE DISTRICT (a Public Corporation) et al., Respondents.

J. E. Wooley, George J. Hatfield, Fred B. Wood, Hatfield, Wood & Kilkenny, Vincent J. McGovern and Norris J. Burke for Appellants.

Hadsell, Sweet & Ingalls and Finlayson, Bennett & Morrow for Respondents.

CURTIS, J.—These six cases were tried together in the Superior Court of the County of Fresno under a stipulation that any evidence introduced should apply, if material, to each and all of said cases. Judgment was rendered in favor of the defendants therein and the plaintiffs in said actions have appealed. Miller & Lux Incorporated and James J. Stevinson (a corporation), the respective plaintiffs in two of said actions (L. A. No. 12199 and L. A. No. 12203), are owners of land riparian to the San Joaquin River below the junction of Fresno Slough with said river. The remaining plaintiffs in the other four cases are appropriators, who for many years immediately prior to the commencement of said actions and for many years prior to any threatened diversion of water by the defendants in said actions have been diverting water from the San Joaquin River below its junction with Fresno Slough, and in two of said last-named four cases the plaintiffs therein, The San Joaquin & Kings River Canal & Irrigation Company, Incorporated, and the East

Side Canal & Irrigation Company, a corporation, are public utilities, and have long prior to defendants' threatened diversion devoted the water so appropriated by them to a public use.

The defendants in each and all of said actions are the same, and are practically the same corporation and the same persons who are the defendants in the case of *Chowchilla Farms Incorporated (a Corporation)* v. *Harry Lee Martin et al.* (Sac. No. 4392), this day decided, *ante,* p. 1, 25 Pac. (2d) 435), and the threatened diversions of water complained of in the six cases now before us are the same threatened diversions involved in case Sac. No. 4392. As will appear by a reference to case Sac. No. 4392, the plaintiff therein was an owner of land riparian to the San Joaquin River below its junction with Fresno Slough. It will thus be seen that the parties to the two actions, Nos. L. A. 12199 and L. A. 12203, are in the same relative positions as the parties in the case of *Chowchilla Farms Incorporated* v. *Harry Lee Martin et al.,* this day decided. The Chowchilla case was tried and decided in the Superior Court of Madera County, and the six cases under consideration were tried in the county of Fresno before a superior judge other than the judge presiding in the Superior Court of Madera County at the trial of the Chowchilla case. Nevertheless, the evidence before the two courts at the trials of the two actions, Nos. L. A. 12199 and L. A. 12203, and the Chowchilla case was substantially the same except, of course, the names of the respective plaintiffs and the description of their lands. The findings in the two cases in which the plaintiffs claim to be riparian owners of the waters in controversy follow in all material respects those made by the court in the Chowchilla case. It is apparent, therefore, that the same issues are involved in the three cases. Under this state of facts the decision rendered by us in the Chowchilla case should govern our decision in the two other cases. Therefore, under the authority of the case of *Chowchilla Farms Incorporated* v. *Harry Lee Martin et al.,* this day decided, the judgment is reversed in each of the two cases of *Miller & Lux Incorporated* v. *Tulare Lake Basin Water Storage District et al.,* L. A. No. 12199, and *James J. Stevinson* v. *Tulare Lake Basin Water Storage District et al.,* L. A. No. 12203.

. . .

In the other four actions, the plaintiffs therein in their respective complaints set up their ownership by appropriation of certain specific amounts of the flow of San Joaquin River with the right to divert the same from said river at points below the junction of the river with Fresno Slough, and the public utility plaintiff in addition to such facts alleged that a public use attached to the waters which they as appropriators had diverted from said river in their favor and in favor of those to whom they had supplied said waters for use.

In these four cases the court made findings identical with those made by the court in the two cases of *Miller & Lux Incorporated* and *James J. Stevinson* v. *Tulare Lake Basin Water Storage District et al.*, Nos. L. A. 12199 and L. A. 12203, respecting the origin, construction, development and existence of the channel between the original bed of Kings River and the San Joaquin River. As to the rights of the defendants in and to the waters flowing from Kings River, the court made the same findings as were made in said two cases, L. A. No. 12199 and L. A. No. 12203.

The trial court further found that each of the plaintiffs in all four of said last-named cases, for many years prior to the threatened diversion by the defendants, had installed irrigation works on the San Joaquin River below its junction with Fresno Slough, and by means of dams, canals and ditches had diverted the waters of the San Joaquin River upon lands nonriparian to said river where they were used for irrigation, domestic and other useful purposes. The court by its said findings, as we understand them, found that the plaintiffs in said four actions were prior appropriators of the waters in dispute as against any right of the defendants if said waters were subject to appropriation by said plaintiffs or their predecessors in interest. The court further found, as it did in the two riparian cases, L. A. No. 12199 and L. A. No. 12203, and in the Chowchilla Farms Incorporated case, that the channel connecting the Kings River with the San Joaquin River was an artificial channel, and as conclusions of law held that the waters flowing therein were by reason of the fact that said channel was an artificial channel, not subject to appropriation by the plaintiffs or any of them. The court failed to find the amount of water which the plaintiffs had diverted and used from

the San Joaquin River by means of their respective irrigating canals above referred to, but made a finding in each substantially in the following words: ''That evidence in this case does not show the historical diversion of said waters by said canal with sufficient certainty to enable this court to determine the amount of water, if any, which said canal has become entitled to appropriate from said San Joaquin river.'' The court also found that the said two public utility plaintiffs herein had dedicated the waters of the San Joaquin River so diverted by them respectively, to a public use. As to the existence of unusual, extraordinary and unexpected waters flowing in Kings River the court made the same findings as were made in the case of the *Chowchilla Farms Incorporated* v. *Harry Lee Martin et al.* The court accordingly in its judgment denied the plaintiffs in said four actions any relief and awarded defendants their costs.

From the foregoing statement it is apparent that the findings and judgment of the trial court in each of said four actions are contrary to the conclusions reached by us in the case of *Chowchilla Farms Incorporated* v. *Harry Lee Martin et al.* in the following respects:

1. In holding that the channel now connecting the original bed of Kings River with the San Joaquin River is, as it now exists, an artificial channel and that the waters flowing therein are not a part of the San Joaquin River.

2. In finding that there are any unusual, extraordinary or unexpected waters flowing in Kings River.

The court also erred in failing to find the amount of the appropriation of each of said four plaintiffs who base their right to use the waters of the San Joaquin River as prior appropriators thereof. The trial court evidently proceeded upon the theory that inasmuch as the waters of Kings River, which found their way into the San Joaquin River, were no part of San Joaquin River, but were ''foreign waters'', and therefore were not subject to appropriation by said plaintiffs, the amount of water diverted by the respective plaintiffs in said four actions was not material.

Granting that upon that theory of the case it was not necessary for the court to concern itself as to the extent of said plaintiffs' diversions, yet, as we have held that the waters flowing from Kings River into San Joaquin River were at the date of the trial and long before the initiation

of any rights therein by the defendants, a part of the natural flow of San Joaquin River, it follows that said waters were subject to appropriation by the plaintiffs after they reached the San Joaquin River, and the amounts so appropriated by the respective plaintiffs, as against any appropriator, subsequent in time, became and were a material issue which the court was in duty bound to decide. The extent of said plaintiffs' respective appropriations was expressly put in issue by the pleadings, and as it was a material issue in the case for the reasons above stated, it was error for the court to refuse to make a finding thereon. It is not necessary to cite authority in support of this proposition of law. But if authority is desired it may be found in the following quotation from California Jurisprudence and the cases cited thereunder: "Under the system of express findings now provided for, full findings, unless expressly waived, are required on all material issues raised by the pleadings and evidence." (24 Cal. Jur., p. 935.)

The court impliedly, if not expressly, found that the appropriations of the said plaintiffs were prior in time to the attempted appropriations of the defendants. The rule as between appropriators is, the first in time is the first in right. (26 Cal. Jur., 104.) The trial court should, therefore, have determined the rights of these four plaintiffs by fixing the several amounts of water so diverted and appropriated by them respectively, and by its judgment decreed that their rights to said waters were prior and superior to any right of the defendants therein.

In view of what we have said it does not become necessary for us to give any special consideration to the rights of the two public utility plaintiffs herein. No question as to their peculiar rights as such public utilities is involved in these cases under the record now before us.

For the reasons expressed herein the judgment in each of said six cases, shown in the caption hereof, is reversed.

Preston, J., Waste, C. J., Tyler, J., *pro tem.*, Langdon, J., Shenk, J., and Seawell, J., concurred.

Rehearing denied.