[Civ. No. 1883. Fourth Appellate District.—May 10, 1938.]

M. A. WILEY, Respondent, v. O. K. WRIGHT, Appellant.

304

E. I. Feemster for Appellant.

Waldo E. Burford for Respondent.

HAINES, J., *pro tem.*—The plaintiff and respondent in this action, M. A. Wiley, is the owner of a farm on which are located vineyards and truck gardens as well as barns, outhouses, and a dwelling house in which he and his family reside. Defendant and appellant O. K. Wright owns an adjacent farm on which he has installed, and for some time operated within a short distance of the respondent's dwelling, an internal combustion engine in connection with which he makes use of heavy fuel oils. The present action was begun to recover damages claimed to have been suffered by respondent personally and in his property through the operation of the engine and to obtain an injunction against its continued operation in the future. Respondent undertook to specify in his complaint the items of damage which he claimed to have suffered as follows:

(a) For damage to his buildings due to the settling thereon of greasy dirt, soot, smoke and odorous gases, $250;

(b) For damage to his furnishings, hangings, drapes, household goods and effects from the settling thereon of such greasy dirt, etc., $250;

(c) For damage to his comfortable enjoyment of his dwelling and home by reason of the settling on his furniture, hangings, etc., of such greasy dirt, etc., $500;

(d) For damage to his vines, truck gardens and farm products by reason of the settling thereon of such greasy dirt, etc., $500;

(e) For damage to his comfortable enjoyment of his home and property by reason of loud, disturbing, irritating noises emitted from such engine, $500.

By a supplemental complaint he claimed additional damages of each of the classes mentioned, accruing subsequent to the time his original complaint was filed, which would, with the damages originally claimed, make the aggregate of each of the five several types of damage that he claims to have suffered $750, $750, $1500, $1250, and $1500, respectively, or in all $5,750.

After appropriate pleadings on the part of appellant Wright, admitting his maintenance of the engine, but denying the infliction thereby upon respondent of the injuries complained of, or of any resulting damage, the case was tried and the court filed its findings of fact and conclusions of law, awarding damages to respondent to the extent of $500, to-

gether with an injunction against the continued operation of the engine in such manner as to interfere with respondent's quiet and peaceable enjoyment of his property. From this judgment the present appeal is taken on the judgment roll. Appellant's attack is directed at what he claims is the failure to find on material issues and the insufficiency of the findings to support either the conclusions of law or the judgment. The findings complained of are numbered IV, V and VI, and are as follows:

"IV.

"That at all times referred to in the plaintiff's complaint and supplemental complaint, the defendant O. K. Wright operated and threatened to continue the operation of said internal combustion engine in such manner that large quantities of harmful and injurious soot, smoke, carbon and odorous gases were emitted from said internal combustion engine, and allowed and permitted by the defendant O. K. Wright to drift over and settle upon the plaintiff's dwelling house, barn, out houses, truck garden and vineyard, and enter into the dwelling house of the plaintiff, and settle upon, around and about the furniture, hangings, drapes and household goods and effects of the plaintiff located in his dwelling; and that said defendant O. K. Wright at all times herein referred to operated and threatens to continue the operation of said internal combustion engine in such manner that loud, disturbing, obnoxious, irritating, discomforting and annoying noises originate in, arise and issue from said internal combustion engine;

"That the operation of said internal combustion engine by the defendant O. K. Wright, as alleged in the plaintiff's complaint and supplemental complaint has been carried on in such manner by the defendant O. K. Wright, and the defendant O. K. Wright threatens to continue the operation of said internal combustion engine in such manner as to reasonably disturb the free enjoyment of the life and property of the plaintiff by reason of the emission from said internal combustion engine of smoke, soot and carbon, and by loud, disturbing and obnoxious noises, and the same has, and unless restrained by order of this court, will continue to deprive and interfere with the plaintiff in the reasonably comfortable enjoyment of his dwelling and property.

## "V.

"That by reason of the aforesaid manner of operation of said internal combustion engine by the defendant O. K. Wright, the plaintiff has been damaged in the comfortable use and enjoyment of his dwelling and property in the sum of Five Hundred ($500.00) Dollars.

## "VI.

"That sufficient, material and competent evidence was not introduced by the plaintiff to show the damages sustained by the plaintiff by reason of said smoke, soot and carbon settling over and upon his dwelling house, barn and out houses, or upon the furniture, hangings, drapes, household goods and effects of the plaintiff, or upon the vines and garden truck and farm products of the plaintiff, and that although the same caused damage to the plaintiff, the court is unable from the evidence to determine the exact amount of said special damage.''

It is claimed that inasmuch as the said finding IV covers all five of the elements of damage alleged, whereas the resulting damages are not in the further findings particularized as respects the amount awarded on account of each or any of the above-mentioned specific elements, there is a failure to find upon the material issues; also that the finding VI contradicts itself in that, although respondent is found to have sustained damage by reason of the settling of smoke, soot and carbon over his buildings, furniture and other effects and over his vines, garden truck and farm products, it appears from the last clause of the finding that the court is unable to fix upon any amount as being the damage so sustained. In this last connection the claim seems to be that respondent's failure to establish any particular amount of damage of the description referred to in finding VI was tantamount to a failure to show that there had been any damage of that sort at all and that appellant was, therefore, entitled to a finding that there had been no damage whatever of that description.

In support of the other positions taken, counsel for appellant rely on the cases of *Haight* v. *Tryon*, 112 Cal. 4, 6 [44 Pac. 318], *Kaiser* v. *Dalto*, 140 Cal. 167–169 [73 Pac. 828], *California Mother Lode Min. Co.* v. *Page*, 165 Cal. 549 [133 Pac. 14], *Klein* v. *Milne*, 198 Cal. 71 [243 Pac. 420], *James* v. *Haley*, 212 Cal. 142–146 [297 Pac. 920], *Miller & Lux*,

*Inc.,* v. *Tulare Lake etc. Dist.,* 219 Cal. 41, 46 [25 Pac. (2d) 451], and *Cargnani* v. *Cargnani,* 16 Cal. App. 96 [116 Pac. 306], as holding that full findings·are required upon all material issues, that in their absence the decision is against law, and that where special damages are pleaded with particularized items it is error to make a general finding of damage in aggregate sum without pointing out how much of it is attributed to each particular item.

Examining the record as a whole, we are unable to see that appellant has any substantial ground for complaint, or that there has been any violation of the rules announced in the cases cited. It is apparent from the findings quoted that the $500 money judgment awarded respondent was intended to represent such damage as he sustained from disturbance to his personal comfort through the occurrences incident to the operation of the engine specified in the finding IV, as distinguished from any sort of damage to his property as such. While it is true that his complaint alleged this personal type of damage under two separate specifications which we have referred to above under the respective letters (c) and (e), yet there was no intrinsic reason for so separating them, nor were they essentially severable either in their origin or in their effect. While, therefore, we do not doubt the correctness of the principle invoked that where damages of an essentially severable character are specially pleaded the findings should follow the pleadings, it does not seem to us that the mere circumstance that in plaintiffs pleadings an effort was made to break up this essentially single type of damage into two elements required the court to follow that course.

Neither can we follow appellant in his strictures on the finding VI nor agree either that it is insufficient or inconsistent with itself. Its actual effect is to find that respondent has sustained damage of each of the descriptions to which we have above referred under the letters (a), (b) and (d) but that such damage has thus far been nominal in amount— in other words, that respondent has not thus far sustained any substantial property damage. No monetary award is based on this finding. The circumstance that this $500 awarded for infringement upon the respondent's comfortable· use of his premises is referred to in the conclusions of law as "General Damage" is unimportant. The context clearly shows what was meant. Since the appeal is upon the

judgment roll alone, no question of the sufficiency of the evidence to justify the decision arises, nor is there any ground for claiming that the findings made are insufficient to justify the injunctive relief awarded. (*Sullivan* v. *Royer*, 72 Cal. 248, 250 [13 Pac. 655, 1 Am. St. Rep. 51]; *McMenomy* v. *Baud*, 87 Cal. 134 [26 Pac. 795]; *Judson* v. *Los Angeles Suburban Gas Co.*, 157 Cal. 168 [106 Pac. 581, 21 Ann. Cas. 1247, 26 L. R. A. (N. S.) 183]; *Hulbert* v. *California etc. Cement Co.*, 161 Cal. 239 [118 Pac. 928, 38 L. R. A. (N. S.) 436]; *Dauberman* v. *Grant*, 198 Cal. 586 [246 Pac. 319, 48 A. L. R. 1244]; *Melvin* v. *E. B. & A. L. Stone Co.*, 7 Cal. App. 327 [94 Pac. 390].)

Even if we were able to conclude, as in fact we are not, that the findings are in any respect defective, we cannot see that appellant can have been in any way prejudiced thereby.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 8, 1938.